### ATCHISON, T. & S. F. RY. CO. v. MYERS. County Treasurer.

No. 16258—Opinion Filed May 4, 1926.

(Syllabus.)

**1. Statutes—Construction of Unambiguous Statutes.**

Where a statute is plain and unambiguous and its manifest intention and purpose is clearly shown by the language employed therein, the court is without authority to render a different meaning or construction thereon, in order to avoid an inequality that may arise in isolated cases.

**2. Counties — Duties of Excise Board — Computation of Levy for Current Expenses—Adding Ten Per Cent. for Delinquent Taxes.**

Section 9699, C. O. S. 1921, contemplates an appropriation for the current expenses of the county and municipal subdivisions thereof based upon taxes derived from ad valorem sources; these expenses are then to be added by the excise board, who then, in addition thereto, shall add ten per cent. for delinquent taxes; said board shall thereupon deduct whatever surplus amount remaining on hand from the previous year or years, together with the probable income from other sources other than ad valorem taxation.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against J. F. Myers, County Treasurer of Garvin County. Judgment for defendant, and plaintiff brings error. Affirmed.

Cottingham, McInnis & Green and Frank G. Anderson, for plaintiff in error.

Carroll J. Moody, County Atty. of Garvin County, and Homer L. Hurst, Asst. County Attorney, for defendant in error.

LESTER, J. The parties will be referred to as they appeared in the district court.

This action was begun under and by virtue of the provisions of section 9971, C. O. S. 1921, for the recovery of taxes paid under protest, and was instituted in the district court of Garvin county, state of Oklahoma.

The sole question presented on appeal is that arising over plaintiff's third cause of action named in plaintiff's petition, which is as follows:

"Plaintiff for its cause of action alleges that in the town of Lindsey of said county the said railway company has property subject to taxation for said year of assessed valuation in the sum of $31,576; that the total assessed valuation of all taxable property in said municipality for said year is $863,591.

"That the proper officials of said municipality legally constituted for that purpose made and filed with the county excise board of said county a financial statement and estimate of the needs of said municipality for general fund purposes for said year in which it was shown that the total needs for said general fund was $23,832, and showed surplus revenue on hand of $1,210.45 and estimated income of $21,550, making a total of surplus revenue and estimated income of $22,760.45, and leaving only $1,071.55 to be raised by taxation, and the county excise board approved and adopted said estimate and appropriation and added thereto 10 per cent. of $23,832, which 10 per cent. amounted to $2,383.20, before they made deductions of said surplus revenue and estimated income, and by that method there left a sum to be raised by taxation which required a levy of 4 mills upon all taxable property in said municipality, and they made a tax levy upon all property for the purpose of raising the same.

"Plaintiffs allege that said appropriation was incorrectly made in this, to wit:

"That the surplus revenue and estimated income should have been first deducted from the total requirements before 10 per cent. was added for delinquent taxes, and that only 10 per cent. of the remainder after said deduction should have been so added for delinquent taxes, which would have been $107.15 instead of $2,383.20, and which would have left $1,178.70 to be raised by taxation; that by the method under which said appropriation was made more than 200 per cent. was added for the purpose of protecting against delinquent taxes instead of 10 per cent. as provided by law, and by said method

there was actually added for delinquent taxes to the surplus revenue on hand $121.04, and there was added to the estimated income $2,155; that had said levy been correctly made, a levy of 1.37 mills would have raised all of the money required by said municipality for said purpose, and that by said method there was an excess and illegal levy made of 2.63 mills, causing illegal, void, and excessive taxes upon the property of said plaintiff in the sum of $83.04; that the first half of said sum, to wit, $41.52, was paid under protest to the defendant on December 27, 1923, with written notice of grounds of objection to said illegal taxes and that suit would be instituted for recovery of the same, all as provided by law."

The defendant filed a demurrer to said petition, and upon hearing had thereon the court sustained the demurrer, and the plaintiff elected to stand upon the allegations contained in its petition, declined to plead further, and judgment was rendered in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

The only proposition presented by plaintiff is the construction to be given that portion of section 9699, C. O. S. 1921, which reads as follows:

"When the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof and shall have computed the total of the several items of appropriations for current expenses and sinking fund purposes for the county and each municipal subdivision thereof with ten per cent. (10 per cent.) added thereto for delinquent tax, they shall therefrom make the levies therefor, after deducting from the total so computed the amount of any surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years, together with the amount of the probable income of each from all sources other than ad valorem taxation, provided, that in no event shall the amount of such estimated income exceed the actual collections from such source for the previous fiscal year."

As we understand the contention of the plaintiff, it urges that, after the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in a governmental subdivision, the excise board shall then compute the total items of appropriations necessary for the current expense and sinking fund for such governmental unit, that such board shall thereupon deduct any surplus balance on hand from any previous year or years, together with the amount of the probable income of such subdivision from all sources other than ad

valorem taxes, and that when these amounts are deducted, the excise board shall then add 10 per cent. thereto for delinquent taxes. In other words, the contest arises over the question as to when the board shall add the 10 per cent. for delinquent taxes. The defendant insists that under the statute the board should add 10 per cent before any deduction is made on account of revenue on hand for the previous year or years, together with income from certain sources, other than revenue from ad valorem taxation.

The plaintiff points out in a very forceful manner the injustice that may arise by adding 10 per cent. to the estimate of delinquent taxes prior to any permissible deductions to be made therefrom. And we are not unmindful of the fact that cases may occur in which the operation of the statute, of which the plaintiff complains, may become absurd. However, it frequently happens that a rule of law may at times operate in an impractical manner and a detriment to another; yet the courts cannot, on that account, strike down such established rule, and especially is this true in case of a statute which, standing alone, shows from the language employed therein its plain and manifest intention.

As we view the statute in controversy, it clearly and adequately directs the excise board when and in what manner it should add 10 per cent. for delinquent taxes. The language of the act is such that it affords no room or opportunity for judicial construction. Its meaning is self-evident, and therefore it sufficiently conveys its own meaning and terms, and we do not feel that we would be justified in attempting to read into the statute any other language in order to determine a different result from that which is naturally to be deduced therefrom.

The court in the case of Hines v. Dalton, 90 Okla. 239, 217 Pac. 168, construing section 9699, C. O. S. 1921, said:

"We think this should make it perfectly plain as to what are the powers and duties of the respective boards and as to when the per cent. as an allowance for delinquent tax should be added.

"It is not disputed that this view is correct under the literal meaning of the statute, but it is contended by plaintiffs in error that to give such statute its literal meaning is an absurdity, and counsel cites a number of decisions, among which are Town of Grove v. Haskell, 31 Okla. 77, 116 Pac. 805, Ledegar v. Bockoven. 77 Okla.

58, 185 Pac. 1097, and McGannon v. State, 33 Okla. 145, 124 Pac. 1063, to show that where an act is susceptible of two constructions, the court will give it the most reasonable one; that if following the plain language of an act would produce absurd results, and a different construction render it free from such consequences, the court will give such act a construction free from absurd consequences; that where there is doubt or ambiguity, the court will give an act that interpretation which is most reasonable; that statutes will receive a sensible construction so as to avoid absurd and unjust consequences, etc. While the correctness of the rule as announced in the decisions cited is readily conceded, yet they are of no benefit here, the statute in question here not being reasonably susceptible of two constructions."

In the case of Going, County Treasurer, et al. v. Carter Oil Company, 88 Okla. 222, 214 Pac. 922, the court in its syllabus No. 2 said:

"Section 9699, Comp. Stat. 1921, contemplates an appropriation for the current expenses of the county and an appropriation for the aid of common schools; that the various items of appropriation should be totaled and 10 per cent. added for delinquent taxes; that there should be deducted therefrom the surplus revenue of the county on hand at the end of the fiscal year and the estimated income from sources other than ad valorem tax; but the surplus in the common school fund and the estimated income of that fund from sources other than ad valorem tax should not be considered as surplus revenue of the county or estimated income of the county."

In the case of Hines v. Dalton, supra, the court, commenting upon the opinion in the case of Going, County Treasurer, et al. v. Carter Oil Company, supra, said:

"* * * Thereby expressing the view of the court as to the powers and duties of the county excise board, under section 9699, and thus indicating that the 10 per cent. allowance for delinquent taxes should be computed upon and added to the total amount of estimated expense first, and that the surplus balance on hand, together with the probable income from other sources, be deducted afterward."

In the case of the Oklahoma News Company v. Ryan, 101 Okla. 151, 224 Pac. 969, the court in its syllabus No. 6 of said case stated:

"The construction given section 9699, Comp. St. 1921, in Hines v. Dalton, 90 Okla. 239, 217 Pac. 168, relative to the addition of 10 per cent. as allowance for delinquent taxes is followed."

It appears that this court has definitely settled the question as to the manner in which the excise board may follow the directions as provided in section 9699, C. O. S. 1921, relating to the manner of adding 10 per cent. for delinquent taxes, and we think that the former decisions of this court are based upon clear and logical reasons, and we cannot now see any justifiable reason why these opinions should be overturned.

We think the trial court was correct in sustaining the defendant's demurrer to plaintiff's petition. Judgment of the district court is therefore affirmed.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 36 Cyc. p. 1115; 25 R. C. L. p. 957; 3 R. C. L. Supp. p. 1435; 4 R. C. L. Supp. p. 1610; 5 R. C. L. Supp. p. 1354. (2) 15 C. J. p. 638 § 349 (Anno).