## RAPP v. OKLAHOMA TAX COMMISSION et al.

No. 24407.   Nov. 21, 1933.

Dwight Williams and F. C. Dooley, for plaintiff in error.

C. W. King, for Oklahoma Tax Commission.

W. C. Hall, for defendants in error.

Robert A. Hefner and Robert A. Hefner, Jr., amici curiae.

WELCH, J. This is an action to recover back from the Oklahoma Tax Commission $230.21, required by the Commission to be paid as additional income tax on certain items of income received by the plaintiff, H. E. Rapp, as dividends on stock owned by him in three certain corporations.

The plaintiff paid the tax under protest and instituted this action to recover the same back. This additional tax was required to be paid, and was paid, under protest, and this suit instituted, all in pursuance of the provisions of the Income Tax Act adopted by the Thirteenth Legislature as chapter 66, article 7, of the Session Laws of 1931, sections 12498 to 12526, inclusive. O. S. 1931.

There is no question as to the correctness of the procedure, and the only question for determination is whether the items of income involved are subject to the tax, or, in fine, whether the items of income are exempt from the income tax.

The act, by section 12501, O. S. 1931, levies a tax for the year 1931, and for each taxable year thereafter, upon the net incomes of individuals, fiduciaries, trustees of estates, partnerships, and corporations. By section 12521, O. S. 1931, certain corporations are exempt from this tax by provisions that the act shall not apply to insurance companies, nor to religious, eleemosynary, and charitable institutions, and certain other corporations referred to in that section.

Section 12502, O. S. 1931, deals with certain specific exemptions and grants to every taxpayer a specific exemption of seven classes of items of income which are listed in said section in subdivisions (a), (b), (c), (d), (e), (f), and (g). In so far as material in this case, section 12502, O. S. 1931, reads as follows:

"The following items shall not be included in gross income, and shall be exempt from taxation under this act: * * * (g) Dividends received from stock in any corporation, the income of which is taxable under the provisions of this act."

It is admitted that the items of income involved in this action were received as dividends from stock in three corporations. The plaintiff in his petition alleged the names of the corporations and the amounts received as dividends from each corporation, and further alleged that the incomes of said corporations are "taxable under the provisions of said chapter 66, article 7 of the Session Laws 1931." The defendants, by general demurrer to this petition, admitted the truth of these allegations, and such admission is further shown by the briefs and contentions of the parties.

It is the contention of the defendants, in substance, that, while the three corporations are subject to the provisions of the act, and while their incomes are "taxable under the provisions of this act," in truth and in fact, in each instance, the money from which these dividends were paid was in fact earned by the corporation prior to January 1, 1931; that prior to said date the incomes of these corporations were not "taxable under the provisions of this act" for the reason that the act was not then in force and effect and had not been then adopted; and that since the incomes of these corporations were not "taxable under the provisions of this act" at the time these sums were earned by the corporations, no income tax was levied on said specific moneys and no income tax paid thereon, and that therefore these sums received by the plaintiff, H. E. Rapp, should not be held to be exempt from tax under the act.

The only question involved is the construction of the exemption provision of section 12502, O. S. 1931, above quoted. No direct authority is cited to sustain the defendants' construction of the exemption provisions, and it may be clearly assumed that no such authority may be found. In considering the question we are limited to the general rules of statutory construction, but by them we are safely guided to a correct construction of this exemption clause. Our attention is called to a very pertinent quotation from the case of Old Colony R. Co. v. Commissioner, 284 U. S. 552, decided by the Supreme Court of the United States in 1932: the quotation being as follows:

"As was said in Lynch v. Alworth-Stephens Co., 267 U. S. 364, 370, 'the plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard case and the ingenuity and study of an acute and powerful intellect would discover.' This rule is applied to taxing acts. DeGanay v. Lederer, 250 U. S. 376, 381."

This expression is enlightening upon the question, but leads us to a conclusion opposite to that contended for by the defendants. The plain provisions of the exempting statute contained in section 12502, supra, operates to exempt dividends received from stock in corporations, which corporations are subject to the income tax, without regard to whether the corporation did in fact pay an income tax on the specific monies disbursed to its stockholders as dividends. That section does not provide that the exemption is granted only in those cases where the corporations have in truth and

in fact paid an income tax on the moneys disbursed, and to so hold would require that we give to this exemption provision of the act a "curious, narrow, and hidden sense," which is expressly disapproved in the above-quoted authority. It may be that our Legislature could have limited this exemption to apply only in cases where the corporation had actually paid an income tax on the moneys from which the dividends were distributed, but this it did not do. The attorney for the Tax Commission cites decisions from the Wisconsin Supreme Court, but they are not applicable here. The Wisconsin statute granted an exemption in these words: "Dividends or incomes from stocks or interests in firms or corporations the income of which has been assessed under this act." By the provisions of our income tax act adopted in 1931, it is clearly apparent that our Legislature, in dealing with an item of income received by a taxpayer as dividends from stock in any corporation, did not intend to impose any duty upon the stockholder to ascertain whether the moneys accumulated by his corporation from which to pay dividends had in fact been assessed for taxes, or whether or not the income tax had in fact been paid on such moneys by the corporations, but, upon the other hand, clearly intended that if the income or dividends came from a corporation "the income of which is taxable under the provisions of this act," then the dividends received from such corporation would be exempt from the income tax. It is to be noted under the act that some corporations are subject to the act, and some corporations are not subject to the act, and likewise that the incomes of some corporations are "taxable under the provisions of this act," and the incomes of some corporations are not so taxable.

It is only dividends received from stock in those corporations whose income is taxable under the provisions of this act, which are exempt; upon the other hand, when one of the corporations whose income is not taxable under the provisions of this act pays a dividend to a stockholder who is a taxpayer under the provisions of this act, such dividend is not exempt.

We are cited to the rules in reference to whether tax laws should be construed in favor of or against the taxpayer, and whether exemption provisions should be construed strictly or liberally, but when a statutory provision is so clear and plain as the one here involved, there is, strictly speaking, no reason or room for its "construction." Likewise we are cited to the

rules for construction of uncertain or ambiguous provisions of statutory law, but such rules can have no application to the construction of the exemption provision here under consideration, which is altogether clear and certain.

"A statute must be given the meaning apparent on its face, where the words used convey the distinct meaning which involves no absurdity or contradiction." Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 P. 416." Seneca Coal Co. v. Carter, 85 Okla. 220, 205 P. 495.

"One of the most elementary canons governing the construction of statutes is that, if the language used by the Legislature conveys a definite meaning which involves no absurdity, nor any contradiction of any other parts of the statute, then that meaning apparent on the face of the statute must be accepted." Falter v. Walker, 47 Okla. 527, 149 P. 1111.

"Where the terms of a statute are clear and their meaning certain, construction has no place or office. The legal presumption is that the legislative body meant what it said, and it is the duty of the courts not to amend or revoke, but to give effect to the enactment." Sweet v. United States, 228 Fed. 421.

In State ex rel. Sigler v. Childers, State Auditor, 90 Okla. 11, 215 P. 773, in the opinion of this court by McNeill, Justice, it was said:

"If the words convey a definite meaning which involves no absurdity, then that meaning, apparent on the face of the instrument, must be accepted, and the courts have no right to add to it or take from it." Citing Leahy v. Indian Territory Illuminating Oil Co., supra.

In Board of Lake County Commissioners v. Rollins, 130 U. S. 670, 32 L. Ed. 1060, at page 1063, the rule is well stated as follows:

"To get at the thought or meaning expressed in a statute, a contract or a Constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning, which involves no absurdity nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the Legislature have the right to add to it or take from it. Newell v. People, 7 N. Y. 97; Hills v. Chicago, 60 Ill. 86: Denn v. Reid, 10 Pet. (35 U. S.) 524 (9:519): Leonard v. Wise-375; Cooley. Const. Lim. p. 57: 1 Story, Const. sec. 400; Beardstown v. Virginia, 76 Ill. 34. So, also, where a law is expressed in plain and unambiguous terms, whether those terms are general or limited, the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. United States v. Fisher, 2 Cranch (6 U. S.) 358, 399 (2:304, 317); Doggett v. Florida R. Co., 99 U. S. 72 (25:301)."

Counsel for defendants insist that the purpose of this exempting clause was to avoid double taxation, and that if the dividends received by the plaintiff, H. E. Rapp, are exempt from taxation under the statute, such construction will result in inequality of taxation or of exemption from taxation. The injustice of this exemption provision is not very readily apparent to us, nor is it apparent that much inequality of taxation results therefrom, if, indeed, any at all results, but, be that as it may, we must construe and enforce this exemption provision of this act as it is written.

"Where a statute is plain and unambiguous and its manifest intention and purpose is clearly shown by the language employed therein, the court is without authority to render a different meaning or construction thereon, in order to avoid an inequality that may arise in isolated cases." Atchison, T. & S. F. Ry. Co. v. Myers, 114 Okla. 240, 246 P. 395.

Our attention is directed to the fact that in the fourth edition of Cooley on Taxation, vol. 2, section 672, the rule in reference to tax exemption is stated in these words:

"Exemptions are never presumed, the burden is on a claimant to establish clearly his right to exemption, and an alleged grant of exemption will be strictly construed and cannot be made out by inference or implication but must be beyond reasonable doubt. In other words, since taxation is the rule, and exemption the exception, the intention to make an exemption ought to be expressed in clear and unambiguous terms; it cannot be taken to have been intended when the language of the statute on which it depends is doubtful or uncertain; and the burden of establishing it is upon him who claims it."

We do not here disapprove or reject this rule, but find in this case that the plaintiff, H. E. Rapp, discharges the burden claimed under the above text to be upon him, and shows here by the clear and unambiguous terms of the act that his taxation exemption is as he contends; and quoting further from the same section, No. 672, of the Cooley text, supra, we read:

"Moreover, if an exemption is found to exist, it must not be enlarged by construction, since the reasonable presumption is

that the state has granted in express terms all it intended to grant at all."

Since the court by construction may not enlarge an exemption which is found to exist, it must likewise follow that the court may not by construction diminish the exemption which is found to exist by clear statutory provision.

While it is true, as stated in Yazoo & M. V. R. Co. v. Thomas, 132 U. S. 174, that:

"Exemptions from taxation are regarded as in derogation of the sovereign authority and of common right, and, therefore, not to be extended beyond the exact and express requirements of the language used, construed strictissimi juris"

—the contrary must be true, that clear and express exemption may not be diminished or withheld from the taxpayer.

In this case the trial court sustained a general demurrer to the plaintiff's petition. We conclude that the petition states a cause of action, and that upon the admitted truth of the allegations of the petition, the items of the plaintiff's income, that is, the dividends received by him from the three corporations in question, were specifically exempt from taxation under subdivision (g) of section 12502, O. S. 1931, and this cause is therefore reversed and remanded, with directions to the trial court to overrule defendants' demurrer and proceed with the cause consistent with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. RILEY, C. J., and BAYLESS, J., absent