## OKLAHOMA TAX COMMISSION et al. v. HUDSON.

No. 25460.   Oct. 2, 1934.

Withdrawn, Corrected, Refiled, and Rehearing Denied Oct. 23, 1934.

C. W. King and A. L. Herr, for Oklahoma Tax Commission.

Hayes, Richardson, Shartel, Gilliland & Jordan and Frank A. Chilson, for defendant in error.

OSBORN, J. Appeal by the Oklahoma Tax Commission, hereinafter referred to as plaintiff, from a judgment of the district court of Oklahoma county in favor of H. R. Hudson, hereinafter referred to as defendant.

Defendant was the owner of shares of stock in the First National Bank & Trust Company and the American First Trust Company in Oklahoma City. During the year of 1931 it appears that 95 per cent. of the income of the two companies was interest upon tax exempt obligations of the federal government, the state of Oklahoma and its municipalities. The corporation paid no tax on the income so received. The tax Commission sought to charge an income tax to defendant on his income as dividends from the shares of stock in the above companies in the same ratio as the income of the corporations was exempt from taxation.

It was also sought to charge defendant with income tax upon dividends received from a building and loan association. The holding of the trial court was adverse to the plaintiffs as to both items, and such rulings are herein assigned as error.

Section 5 of the 1931 Income Tax Law, now section 12502, O. S. 1931, is in part as follows:

"The following items shall not be included in gross income, and shall be exempt from taxation under this act; * * *

"(d) Interest upon the obligations of the United States or its possessions, and the interest upon any state obligations and the obligations of municipalities and school obligations; * * *

"(g) Dividends received from stock in any corporation, the income of which is taxable under the provisions of this act."

The Tax Commission has promulgated its official ruling No. 2, which is as follows:

"(a) Dividends. No income tax was imposed upon corporations prior to January 1, 1931. Section 5 (g) of the act exempts from taxation 'Dividends received from stock in any corporation, the income of which is taxable under the provisions of this act.' A nontaxable dividend, then, is one paid from net earnings upon which the corporation itself paid the income tax. If a corporation paid no Oklahoma income tax for the year 1931, any dividend declared and paid by it during that period would be taxable income to the recipients thereof. Such a distribution would be payable either from the corporation's surplus earnings accumulated prior to the imposition of an income tax, or, in part at least, from income which, by other provisions of section 5, of this act, is exempt from taxation. Such items of income, exempt from tax when received by a corporation, lost their identity when distributed with other income as dividends. This rule is applicable in the case of a corporation (especially a bank) whose income, during 1931, consisted largely of items of gross income exempt from taxation, resulting in no taxable net income for that year, notwithstanding the fact that the actual net earnings of such corporation were sufficient to

cover the dividends declared and paid during such period."

Defendant herein contends that the official ruling misconstrues the provisions of the Income Tax Law above cited. The law specifically provides that interest on the obligations of the United States, the state, municipalities, and schools are exempt from taxation under the Income Tax Law. It is further specifically provided that dividends received from stock in any corporation, the income of which is taxable under the provisions of the act, is likewise exempt. It is argued that the official ruling of the Commission is an attempt to circumvent the express provisions of the law. Plaintiff contends that under the provisions of section 12501, O. S. 1931, the income tax is levied on all incomes subject only to the exemptions provided in section 12502, supra, and since the items involved herein are not taxable to the Bank and Trust Company, they are taxable to the shareholder, and in order for the shareholder to escape the income tax it is necessary to show that a tax was paid by the Bank and Trust Company.

The case of Rapp v. Oklahoma Tax Commission, 166 Okla. 210, 27 P. (2d) 157, presents a state of facts somewhat similar to the facts involved herein. In that case it was sought to levy an income tax against funds received as dividends from certain corporations by a stockholder in the corporations. It was admitted that the funds were taxable to the corporation, but that no income tax was paid thereon for the reason that the dividends were earned prior to January 1, 1931, the effective date of the Income Tax Law. Therein the court said:

"The plain provisions of the exempting statute contained in section 12502, supra, operates to exempt dividends received from stock in corporations, which corporations are subject to the income tax, without regard to whether the corporation did in fact pay an income tax on the specific moneys disbursed to its stockholders as dividends. That section does not provide that the exemption is granted only in those cases where the corporations have in truth and in fact paid an income tax on the moneys disbursed, and to so hold would require that we give to this exemption provision of the act a 'curious, narrow, and hidden sense,' which is expressly disapproved in the above-quoted authority. It may be that our Legislature could have limited this exemption to apply only in cases where the corporation had actually paid an income tax on the moneys from which the dividends were distributed, but this it did not do."

In determining the legislative intent regarding the provisions under discussion, it is necessary to call attention to other pertinent provisions of the Income Tax Law. Subdivision (6), section 12500, O. S. 1931, provides:

"(6) 'Gross income' includes gains, profits and income derived from salaries, wages or compensations for personal services, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also interest, rents, dividends, securities or the transaction of any business carried on for gain or profit; also amounts received by taxpayers from life insurance policies upon the life of any one of its officers or employees, in excess of the cash surrender value thereof; and also gains or profits and income derived from any and all sources whatever."

Subdivision (5), section 12500, O. S. 1931, provides that "Net income means the gross income computed under the provisions of this act, less the deductions allowed."

Section 12501, O. S. 1931, provides that the tax is levied "upon the entire net income of every person. * * *"

It would necessarily follow that there could be no levy until the deductions provided by the act had been duly allowed. By subdivision (d), section 12502, supra, interest upon the obligations of the United States, or its possessions, or the obligations of the state, municipality, or school districts, constitute no part of the net income, since they are proper deductions when made by the Bank and Trust Company. Therefore, when the Bank and Trust Company have paid income tax on that portion of their respective incomes arising from sources other than those mentioned in subdivision (d), section 12502, supra, they have met the exactions of the law. By subdivision (g), section 12502, supra, a proper deduction from the taxable income of defendant is made by deducting therefrom "dividends received from stock in any corporation, the income of which is taxable under the provisions of the act." Since we are concerned here only with "net income," and since the corporations in question have been taxed on all available net income, they are such corporations as contemplated by the above provisions of the act, and the dividends so received from stock in such corporations also constitute legal deductions as above provided, and there is no taxable net income of defendant until such deductions are allowed.

We quote further from the case of Rapp v. Oklahoma Tax Commission, supra:

"* * * By the provisions of our income tax act adopted in 1931, it is clearly apparent that our Legislature, in dealing with an item of income received by a taxpayer as dividends from stock in any corporation, did not intend to impose any duty upon the stockholder to ascertain whether the moneys accumulated by his corporation from which to pay dividends had in fact been assessed for taxes, or whether or not the income tax had in fact been paid on such moneys by the corporations, but, upon the other hand, clearly intended that if the income or dividends came from a corporation 'the income of which is taxable under the provisions of this act,' then the dividends received from such corporation would be exempt from the income tax. It is to be noted under the act that some corporations are subject to the act, and some corporations are not subject to the act, and likewise that the incomes of some corporations are 'taxable under the provisions of this act,' and the incomes of some corporations are not so taxable.

"It is only dividends received from stock in those corporations whose income is taxable under the provisions of this act which are exempt; upon the other hand, when one of the corporations whose income is not taxable under the provisions of this act pays a dividend to a stockholder who is a taxpayer under the provisions of this act, such dividend is not exempt."

Official ruling No. 2 attempts to enlarge the provisions of law by a construction to mean that where a corporation receives the advantage of one exemption and thereby escapes the burden of the tax, the burden is then transferred to the shareholder. Such position would be entirely justified if the law provided that dividends from stock should be exempt only in the ratio that the corporation paid income tax. The law does not so provide. On the other hand, as heretofore suggested by this court, if the corporation is one of that class whose income (and this is construed to mean net income) is taxable, the dividends received from stock in such corporation are exempt. If, on the other hand, the corporation is included in that class whose (net) income is not taxable, the dividends are taxable to the shareholder.

There is a well-defined purpose in the extension of exemptions from taxation to governmental obligations and the income thereof. It is not sought to favor any class of investors, but through such exemptions the credit structure of the government and its municipalities is strengthened, since such obligations are made desirable to investors and funds are more easily obtained for promoting the functions and affairs of the government. Such exemptions fixed by the government are a means whereby the government protects itself. Should we adopt the construction contended for by plaintiff, we have destroyed the effect of such exemptions, for if the burden of taxation is merely passed on from a corporation to its stockholders, then in the final analysis there is no exemption.

The second question presented herein is somewhat akin to the first. It is shown that defendant received from the earnings of certain stock in the Oklahoma City Building & Loan Association the sum of $2,125. Plaintiff cites a portion of section 12503, O. S. 1931, as follows:

"In computing the net income taxable under the provisions of this act there shall be allowed to any taxpayer, as deductions from gross income, as defined in section 3 hereof: * * *

"(b) Such interest as may be paid or accrued, within the taxable year, by the taxpayer, on indebtedness incurred in the production of income within this state, and dividends paid to stockholders of building and loan associations are hereby declared to be interest paid by building and loan associations and may be deducted from the gross income of such taxpayers."

It is contended that since dividends paid to stockholders of building and loan associations are declared to be interest and subject to deduction from the income of the building and loan association, such funds are made taxable in the hands of the shareholder. What we have heretofore said applies to this proposition. It is not contended that the building and loan association belongs to that class of corporations whose income is not taxable, but it is contended that since the exemption is extended to the building and loan company, the burden is extended to the shareholder. As we have heretofore shown, there is no basis for such contention. The Legislature of 1933 attempted to clarify this provision (Session Laws 1933, chapter 195, subsection (b), section 9).

Whatever effect that provision would have to change the pre-existing law would not affect our conclusion here, as this action involved income tax for the year 1931.

The judgment of the trial court is affirmed.

RILEY, C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur.