## BRANCH v. EXCISE BOARD OF OKLAHOMA COUNTY.

No. 25481.  Nov. 13, 1934.

Withdrawn, Corrected, Refiled, and Petition for Rehearing Denied Feb. 12, 1935.

As Modified on Denial of Second Petition for Rehearing April 16, 1935.

Gordon & Gordon, for plaintiff in error.

Lewis Morris, Co. Atty., and B. C. Logsdon, Asst. Co. Atty., for Excise Board.

Harlan Deupree, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for Oklahoma City.

Frank Wilkins, for Board of Education.

OSBORN, J. This is an appeal by E. W. Branch, hereinafter referred to as protestant, from a judgment of the Court of Tax Review denying certain protests of taxes levied by the excise board of Oklahoma county for the fiscal year beginning July 1, 1933.

For his first item of protest, protestant attacks a levy of 4.626 mills for the general fund of Oklahoma county. It is alleged that the assessed valuation of said county was in excess of $50,000,000, and by the provisions of chapter 122, Session Laws 1933, the limit is fixed at 3.5 mills. This question was determined adversely to protestant's contention in the case of A., T. & S. F. Ry. Co. v. Excise Board of Washington County, 168 Okla. 619, 35 P. (2d) 274. As to said item of protest, the judgment of the Court of Tax Review is affirmed.

For his second item of protest, protestant claims that the levy for general fund purposes for the city of Oklahoma City is excessive in the amount of .93 mills by reason of the failure of the excise board to take into consideration delinquent taxes in the process of collection for the fiscal year immediately preceding the year for which the tax was levied. It appears that the total appropriation for the general fund of the city for the year 1932-33 was $2,520,208.75. The 10 per cent. reserve calculated as to said sum was $252,020.87. There was a total tax levy for said year of $387,706.95. Out of said levy there was collected $202,-848.43, leaving taxes in the process of collection in the sum of $135,686.08. The pro-

testee urges that the amount of uncollected taxes in the process of collection, being within the amount set up as a reserve to cover delinquencies in collection, are not net taxes in the process of collection and therefore may not be deducted from the total appropriation for the succeeding fiscal year.

Protestant contends that due to certain provisions of chapter 85, Session Laws 1933, although the amount shown as taxes in the process of collection is a lesser amount than the reserve set up for the prior fiscal year, the same should be deducted from the total appropriation for the succeeding fiscal year.

Prior to the enactment of chapter 85, supra, it was held in the case of Excise Board of Pottawatomie County v. Sinclair Prairie Oil Co., 167 Okla. 251, 29 P. (2d) 99, that the net amount of uncollected taxes for the fiscal year immediately preceding the year for which the tax was levied may be included, but the net amount of uncollected taxes for prior fiscal years may not be included, in computing the surplus on hand.

In the case of Protest of St. L. S. F. Ry. Co., 166 Okla. 147, 26 P. (2d) 744, it was held that the excise board should deduct the amount of income that will probably be received from ad valorem taxation for the year immediately preceding, but that the amount so deducted should not include any portion of the 10 per cent. added during the previous year as the amount estimated that could not be collected.

It therefore appears that the issue is closed unless the rule is changed by the terms of chapter 85, supra. That particular portion of the above chapter relied upon is as follows:

"Due consideration and effect shall be given therein to the probable collection of delinquent taxes as to which a reserve shall be stated and taken into account in an amount equivalent only to the reserve computed at the beginning of the year on that portion of the total budget that was financed by tax levy."

We must consider the above provision in connection with the entire act to ascertain, if possible, the legislative intent. Through years of experience it has been demonstrated that approximately 10 per cent. of the total tax levy would not be collected, and in order to provide the necessary funds to operate the various agencies of government, it was found necessary to add 10 per cent. to the levy to provide for the uncollected portion thereof. If it was intended by the enactment of chapter 85, supra, to require

the total amount of taxes in process of collection to be deducted from the total appropriation, then the purpose for the addition of the 10 per cent. of the levy made would be defeated. It is inconceivable that the Legislature contemplated that 10 per cent. of the total levy would not be collected for the current year, but would be collected for the succeeding year. By virtue of the previous interpretations of the law prior to the enactment of chapter 85, supra, the rule is established that the 10 per cent. added when the levy is made and which is not collected cannot be considered an asset for the subsequent year. The rule is sound, safe, and reasonable. We find nothing in any provision of chapter 85, supra, which demonstrates a clear legislative intent to enact a new and different rule.

The judgment of the Court of Tax Review as to the second item of protest is affirmed.

The third item of protest involves the levy of independent school district of Oklahoma City for its general fund. A levy was made of 14.506 mills and reduced by revenue from state income tax and state sales tax to a levy of 13.296 mills. It is contended that 3.206 mills is illegal and excessive, and that the legal levy should have been 11.3 mills instead of 14.506 mills. The voters at an election held pursuant to the provisions of sections 6903 and 6904, O. S. 1931, voted for an excess levy of 10 mills in addition to the 5 mills authorized by a statute, which justified a levy by the excise board up to and including 15 mills. But protestant urges that the school board, in March, 1932, in determining the amount of excess levy they would submit to the voters, calculated erroneously or on an improper basis of valuation; that if that board had proceeded and calculated correctly, they should have determined to submit, and should have submitted, only an excess levy of 6.3 mills for the approval of the voters which upon approval would have justified only a total levy of 11.3 mills by the excise board. If this contention be correct as to the exact manner in which the school board should have proceeded preliminary to calling the election, yet the fact is that board did prepare its budget as required by section 6903, and did determine to submit to the voters a proposed excess levy of 10 mills, and at the election held pursuant to section 6904, the voters approved an excess levy of 10 mills. When thereafter, at the proper time, the levy was fixed at less than 15 mills, to wit, 14.506 mills reduced as above stated by revenue from income and sales tax, we hold the same was fully justified by law and by the voters at the election, regardless of the suggestion of error of the school board above noted. The Court of Tax Review denied this ground of protest, and that judgment is affirmed.

Further complaint is made because the board of education failed to attach to the estimate and request for appropriations, a transcript showing the record of the board of education in calling the election and the returns from said election as required by section 6905, O. S. 1931. There is no merit in said contention. The failure to perform this ministerial duty did not invalidate the tax levy.

Various other contentions are made by the protestant, but an examination of the record discloses that these matters were not submitted to the Court of Tax Review for its consideration. Protestant is therefore precluded from presenting the matters here.

Judgment of the Court of Tax Review is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.