## EXCISE BOARD OF OKLAHOMA COUNTY v. COOPER.

No. 28393.    Aug. 3, 1938.

Rehearing Denied Sept. 27, 1938.

Lewis Morris, County Atty., B. C. Logsdon, Asst. County Atty., A. L. Jeffrey, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for Excise Board of Oklahoma County.

Frank Wilkins, for Board of Education of Oklahoma City.

Mastin Geschwind, for defendant in error and cross-petitioner in error.

WELCH, J. The Court of Tax Review sustained a protest involving the validity of 1937-38 appropriation for current or annual operating expenses of Oklahoma City, finding and holding that the aggregate of such appropriation exceeded the amount which could be financed by the limit of ad valorem levy plus cash surplus on hand and the estimate of receipts from sources other than ad valorem taxes. The result of the judgment of that court was to require a reduction of appropriations to eliminate the excessive amount of $180,221.27.

The exact question is whether the appropriations, with addition of at least 10 per cent. for delinquencies or margin of safety, must be calculated in strict compliance with the provisions of section 12678, O. S. 1931, as amended by chapter 85, S. L. 1933. The Court of Tax Review by its judgment answered this question in the affirmative, and the city prosecutes this appeal.

The city first presented its estimate and request for appropriations, grouping all of its intended expenditures for current or annual operating expenses under the proper head of its "general fund." When it thereafter developed that the calculation of such appropriations, with the addition of proper percentage for delinquencies or margin of safety in compliance with the provisions of section 12678, O. S. 1931, as amended by chapter 85, S. L. 1933, would result in an aggregate sum in excess of the total amount of the maximum ad valorem tax levy plus cash surplus on hand and the amount estimated to be received from sources other than ad valorem taxes, the city corrected or rearranged its estimate and request for appropriations. In this rearranged estimate the city undertook to withdraw from the "general fund" the sum desired to be expended for library purposes, and undertook to set up a separate fund, which it designated as "library fund." And the city in the same manner purported to withdraw from the "general fund" a portion of the amount desired to be expended for city park purposes, and undertook to set up a separate fund, which it designated "park fund." By this rearrangement the city purported to leave in the "general fund" a portion of the sum desired to be expended for city park purposes, together with all other current or annual operating expenses of the city. Then in this rearranged estimate the city purported to balance against the sums remaining in the rearranged "general fund," the aggregate of sums anticipated to be received from sources other than ad valorem, plus cash surplus on hand, and to say that since the two were equal, no part of the city's current or annual operating expense was financed by tax levy, except the park expenditure set up under the so-called separate "park fund," and the expenditure for library purposes set up under the so-called "library fund." The city then urged and now contends that the percentage for reserve or margin of safety provided for in the above-cited statute should only be applied to that portion of its current or annual operating expense which was included in the so-called separate "park fund" and "library fund."

As affects the question here considered, section 12678, O. S. 1931, as amended by chapter 85, S. L. 1933, clearly provides that in computing the appropriations, reserve, and levy, the following steps must be taken in the order stated, viz.:

First, compute the total of the several items of appropriation for current expense; second, deduct therefrom any cash surplus balance; third, add to the remainder a reserve or margin of safety of 10 per cent. to 20 per cent., the amount of the reserve within those limits being discretionary (in this case the amount of reserve was fixed at 10 per cent). Fourth, deduct net surplus balance of taxes in process of collection and amount of probable or estimated income from sources other than ad valorem taxation.

The Court of Tax Review held that this formula should be followed and a reading of the statutes discloses no uncertainty or ambiguity whatever in that portion of the statute here referred to.

When the proper officers of a municipality have ascertained and listed the several items of appropriation for current expense, as the city here did in the first instance, there is no authority for taking out or withdrawing from such general fund or current expense fund, a portion of the intended expenditure for park purposes and setting up and listing the same as a separate "park fund" apart from the general fund or current expense fund. And the same is true as to intended expenditures for the current year for library purposes. These are expenditures which the city may lawfully make, and the city may lawfully raise money and appropriate the same for such purposes, but all such appropriations of municipal funds

for those purposes, for expenditure in the current year, are nothing more nor less than current expenses or annual operating expense of the city. The Court of Tax Review held that such items constitute a part of the current expense or annual operating expenses of the city, and it seems that such conclusion is undoubtedly correct. We are not cited to any authority to the contrary. It would then follow that the action of the Court of Tax Review was correct in requiring the application of section 12678, supra, to the total of the several items of appropriation for these current expenses.

In this case the contention of the city disregards the formula so carefully set out in section 12678, supra. That section requires that the 10 per cent. reserve be added to the appropriation before making the deduction of the item of taxes in process of collection and probable or estimated income from sources other than ad valorem taxation; while the adoption of the contention of the city would amount to the reverse, that is, the deduction of the item of taxes in process of collection and probable or estimated income from other sources before adding the item of 10 per cent. reserve. The ultimate result of the adoption of the contention of the city would be that the 10 per cent. reserve would be added to only that portion of the appropriation which was financed by an ad valorem tax levy. While the definite legislative intent was that the 10 per cent. reserve be added to all of the appropriations for current expenses over and above the actual cash surplus balance on hand. This is demonstrated by the provisions of section 12678, supra, which expressly set out the steps to be taken and the order thereof. The ultimate result of following the formula prescribed by section 12678, supra, is that the present appropriations for current expense to be financed by funds expected to be collected in the future, whether expected to be collected as ad valorem taxes or income from sources other than ad valorem taxes, are protected by a 10 per cent. reserve or margin of safety. There can be no doubt that this procedure and result leads to sounder financing of the appropriations, and also follows the express legislative intent. This court has repeatedly noticed the public policy that municipal appropriations shall be soundly financed and that municipalities shall operate upon the "pay-as-you-go plan." This adhering to the formula prescribed in section 12678, supra, is in keeping with such plan and public policy.

It would seem that the requirements of the statute, supra, are plain and require no judicial construction to ascertain their meaning. However, we find that this question, that is, the time when the 10 per cent. reserve should be added, has heretofore been passed upon by this court. In Hines v. Dalton, 90 Okla. 239, 217 P. 168, the exact question was whether the 10 per cent. reserve should be added to the gross amount of estimated expense before deduction of the probable amount of income from sources other than ad valorem taxes; or whether the probable income from other sources should be deducted first and then the 10 per cent. reserve computed upon and added to the remainder. The court there held, as did the Court of Tax Review in this case, that the 10 per cent. reserve should be added exactly as provided by the statute, that is, before deduction of the probable income from sources other than ad valorem taxes.

The same is true in Atchison, T. & S. F. Ry. Co. v. Myers, 114 Okla. 240, 246 P. 395. There it was argued, as in this case, that the estimated income from sources other than ad valorem taxation should first be deducted and thereafter the 10 per cent. reserve should be added, thus applying the 10 per cent. reserve or margin of safety only to that portion of the appropriation which was financed by a tax levy. That contention, however, was rejected. This court there found the words of the statute to be sufficient answer to the contention and it was held, as required by the statute, supra, that the 10 per cent. reserve should be added to all of that part of the appropriation to be financed by future collections, whether future collections of ad valorem taxes or of income from sources other than ad valorem taxes.

The conclusion of the Court of Tax Review on this point was in exact harmony with those two former decisions of this court, and with the express provisions of the statute, supra, and we approve it.

In this case, in a special brief filed in behalf of the board of education of Oklahoma City, an attempt is made to present an attack upon the action of the Court of Tax Review in sustaining count 1 to protest 2, involving the method employed in calculating the amount of the tax levy for the board of education of Oklahoma City. This ruling of the Court of Tax Review was not mentioned or referred to in any notice of appeal filed with the State Auditor, and, in fact, there was no notice of appeal from the court's ruling on that point filed with the State Auditor, as required by section 12310, O. S. 1931. The notices of appeal

which were filed specifically point out the various rulings of the Court of Tax Review from which the protestee desired to appeal, and since no notice stated any desire to appeal from this ruling and judgment, the same cannot be presented here. It is not difficult for any person desiring to appeal from any decision of the Court of Tax Review, and entitled under the law to do so, to comply with the statute as to notice of appeal, and where there is no such compliance an attempt to present such ruling will be dismissed or ignored.

Upon proper cross-appeal the protestant attacks an item of the general fund appropriation upon the ground that the city has no authority of law for including in the general fund appropriation of the city items of expenditure for park purposes. In that connection we observe article 13, chapter 66, S. L. 1935, which provides in part as follows:

"* * * When the excise board shall have examined, revised, and adjusted the items of the respective estimates of the several municipalities, and shall have ascertained in separate items the needs of each, if the same shall be within the limits for current expenses as provided by law, they shall approve the said items and appropriate the respective amounts thereof for the purposes so found to be necessary. * * *"

Therein follows:

"The appropriations for city and towns shall be itemized so as to show the amount of funds appropriated for the several offices, boards, and commissions and departments and shall be detailed in separate items as to each thereof, as follows: * * * For purchase of park, building sites, and other real estate, with appropriation for each, separately stated; for construction of new buildings, with the appropriation for each purposed building, separately stated; for maintenance and repairs on buildings and parks; for park and other permanent improvements with the appropriation for each, separately stated. * * *"

This clearly indicates that the Legislature recognized such expenditure as authorized as current expense. It has been held that this statute is ample legislative authority for expending funds for the purposes therein enumerated, after appropriation therefor within the current expense fund. Excise Board of Oklahoma County v. Board of Education of Oklahoma City, 178 Okla. 545, 61 P.2d 693, and other cases. And the Court of Tax Review held that the item of $194,775.40 was lawfully included in the estimate and appropriation of the general fund of the city, and that conclusion was correct and is affirmed.

As a further ground of protest properly presented upon cross-appeal, it is pointed out that of the $970,669.05 cash surplus, $228,665.27 was derived from operation of the utilities operated by the city. Protestant urges that such fund should be transferred to the sinking fund under authority of Protest of Reid, 160 Okla. 3, 15 P.2d 995, and In re Bliss, 142 Okla. 1, 285 P. 73. However, it is shown that such amount is necessary to assist in financing proper current fund appropriations, and protestant admits that if such appropriations are proper, such funds were properly so used. The Court of Tax Review denied this proposition of protest; and that conclusion is affirmed.

The Court of Tax Review, in its judgment sustaining the item of protest first hereinabove discussed, required the calculation of that portion of the city's income from sources other than ad valorem taxation, represented by net, unencumbered and uncollected taxes for the immediately preceding year in a manner contrary to the law as announced in the second paragraph of the syllabus in Branch v. Excise Board of Oklahoma County, 171 Okla. 585, 43 P.2d 90. In that regard the action of the Court of Tax Review is reversed.

The briefs would indicate that the action of the Court of Tax Review in that respect was based upon the assumption that the case of Excise Board of Oklahoma County v. Board of Education of Oklahoma City, supra, overruled paragraph 2 of the syllabus of the Branch Case, supra.

The briefs purport to contain a reference to the original record in the Board of Education Case, and indicate perhaps a construction of our opinion in that case, not upon the facts stated in our opinion, but upon some purported analysis of the facts from the record, independent of the fact statement of the opinion. That opinion does not reflect the details of fact which it is now urged were there present and of controlling importance. Obviously we are not now justified in re-examining the record in that case for the purpose of testing the conclusion therein reached by facts not reflected in the opinion itself. Every one is entitled to construe and rely upon opinions of courts of last resort, and rules of law therein stated, as applied to the facts therein set out, and such opinions are entitled to be so construed. There is nothing in the opinion in the Board of Education Case which in any manner reflects a conflict with the rule of the Branch Case, supra, or suggests an intention to depart from that rule or

overrule the same, and in this regard the Court of Tax Review was led into error.

Protestant urges several other propositions calculated to show that the city had greater assets to finance its current expense appropriations than were employed for such purpose. If such contentions could be sustained, it would result only in partially offsetting the result of our determination of the first question herein considered, and would not aid protestant in pursuance of his protest. We therefore find no reason for considering such further questions.

The judgment of the Court of Tax Review is in all things affirmed, except wherein it allows as an item of finance of the current expense fund of Oklahoma City an estimate of income from net, uncollected and unencumbered taxes for the previous year, contrary to the law as announced in the Branch Case, supra. In that respect the judgment is reversed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur. HURST, J., concurs in conclusion. GIBSON, J., dissents. DAVISON, J., absent.

GIBSON, J. (dissenting). The appeal of the plaintiff in error in this case should be dismissed for the reason that the notice of appeal from the judgment of the Court of Tax Review was not given as provided by law.

The decision of the Court of Tax Review was not filed in the office of the State Auditor until January 14, 1938. It recites that the case came on for trial December 7, 1937. The excise board filed notice of appeal December 10, 1937. The school board filed notice of appeal December 17, 1937, and on the same date the excise board filed another notice of appeal. No other notices of appeal were filed by any of these parties, but on January 14, 1938, the protestant, T. C. Cooper, filed notice of appeal.

In the recent case of In re Protest of Sweeney, decided June 21, 1938, 183 Okla. 211, 80 P.2d 882, we held that this court has no jurisdiction to consider matters on appeal from the Court of Tax Review unless the appealing party files written notice of appeal within ten days after the filing of the judgment of the Court of Tax Review in the office of the State Auditor. Obviously, then, the appeal of the excise board should be dismissed and only the appeal of Cooper should be considered.

But if the rule so recently announced in Protest of Sweeney, supra, is to be ignored, as does the majority opinion, I think the

questions presented by the appeal should be considered, and we should refrain from an inappropriate discussion of questions and constructions of statutes that are not involved here.

The city of Oklahoma City filed with the excise board a revised budget and estimate of needs in which all items of current expense in the general fund except the items for park and library purposes were financed by cash on hand and estimated miscellaneous income. Separate appropriations and separate levies were made for the park and the library funds. The protestant Cooper protested a part of the levy for park purposes, but did not complain of the levy because it was made separately as a special levy for park purposes and not as a levy for the consolidated general fund. At the trial the Court of Tax Review did not adjudicate the issues presented, but entered its judgment which in effect struck out the appropriations asked in the special library and park funds, transferred such appropriations to the current expense fund, and in effect declared the levy was being made for current expense purposes. It had no power to enter such a judgment. Oklahoma County Excise Board v. Continental Oil Co., 173 Okla. 577, 49 P.2d 540. When the city revised its budget and estimate, it set up these special appropriations and funds and how they were to be financed. It did not intend to finance them otherwise. How much, if any, the city would have appropriated for these purposes, or what other appropriations would have been eliminated to meet the requirements, if these special funds had not been created, the Court of Tax Review was not told, and we cannot know. The duty of the excise board was not to transfer these appropriations, but to determine whether special levies could be made therefor. My reasons for thinking such special levies illegal are stated in my dissent this day filed in the case of Branch v. Excise Board, 183 Okla. 295, 82 P.2d 225, and need not be repeated here.

When the special appropriations for park and library purposes are eliminated, it is apparent that other questions relating to appropriations become moot, since no tax levies would be involved.

The question as to when and how much an amount should be added for delinquent tax (ch. 85, S. L. 1933) naturally can arise only when an ad valorem tax levy that may become delinquent is involved. That question is not in this case. No party to this appeal contends that it is. All that is said

about that question in the majority opinion is dictum, and should be omitted.

I, therefore, dissent.