In re BILLINGS' PROTEST.

No. 29298. Dec. 3, 1940.

Rehearing Denied Sept. 23, 1941.

Application for Leave to File Second Petition for Rehearing Denied Oct. 21, 1941.

*117 P. 2d 774.*

W. K. Garnett and Chas. H. Garnett, both of Oklahoma City, for appellant.

Dick Jones, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, and Rowe Cook, of Atoka, for Oklahoma Tax Commission..

GIBSON, J. This is an appeal by an individual taxpayer from an order of the Oklahoma Tax Commission denying a certain item claimed as a credit on her net income as shown by her income tax return for the year 1937.

The item in question consisted of dividends received from a foreign corporation. The controversy arises under the income tax statutes of 1935 (art. 6, ch. 66, S. L. 1935), and particularly section 11 thereof, the material portion of which reads as follows:

"There shall be allowed, for the purpose of the tax levied under section 6, the following credits against the net income:

"(a) The amount received as dividends from any corporation subject to taxation under this act. * * *"

The cause was submitted on an agreed statement of facts showing in substance that said corporation was licensed in Oklahoma and maintained an office in Tulsa with suitable equipment for the transaction of its business; that its books of account were kept there, and an account was maintained at a local bank. All its income-producing property was located outside the state. It transacted no business in the state and received no income from any source therein during the year 1937, and paid no income tax for that year in the state, and was subject to none, but a return was filed pursuant to its duty under the regulations of the commission.

The taxpayer insists that the corporation, though without income subject to taxation for the particular year, was nevertheless subject to taxation within the meaning of the above provision, and that the item claimed as a credit constituted the amount received as dividends from a corporation subject to taxation under the act. Rapp v. Oklahoma Tax Commission, 166 Okla. 210, 27 P. 2d 157; Oklahoma Tax Commission v. Hudson, 169 Okla. 367, 36 P. 2d 892.

The commission insists that since the corporation transacted no business in the state and received no income from local sources, it was, notwithstanding its license, entirely in the same situation as an unlicensed foreign corporation without business in the state. It is asserted that the income of the corporation must be subject to taxation under the law if its dividends are to be excluded from income tax in the hands of its stockholders. In substance it is argued that unless the net profits out of which the dividends were declared had borne the income tax, the dividends could not be deducted from the net income of the stockholder, since the plain purpose of the foregoing provision was to avoid double taxation.

In view of our former decisions, above, we are of the opinion that a lengthy discourse on the question at hand is unnecessary. In the Rapp Case the taxpayer claimed a credit on net income in the form of dividends received from three corporations engaged in business in this state. The action arose under the provisions of the Income Tax Act of 1931 (art. 7, ch. 66, S. L. 1931, sections 12498-12526, O. S. 1931). That act levied a tax for 1931 and succeeding years on the net incomes of individuals and corporations, and section 12502 thereof contained the following provision:

"The following items shall not be included in gross income and shall be exempt from taxation under this act: * * * Dividends received from stock in any corporation, the income of which is taxable under the provisions of this act."

There the corporate income was earned prior to 1931 and was not subject to the income tax, but the dividends in question were declared and paid in 1931. The court held that although the corporations were not compelled to pay tax on the earnings out of which the dividends accrued, the corporations came within the above-quoted provision as corporations the income of which was taxable under the provisions of the act. And it was held that the taxpayer was entitled to deduct the dividends from his income

for the year 1931 for purposes of taxation.

The provision aforesaid was there fully discussed and construed by the court. It was said in effect that the corporations in question were of that character compelled by the act to pay income tax if their earnings so justified, and that their dividends in the hands of stockholders were not taxable as income. And in the body of the opinion we find the following statement:

"It is to be noted under the act that some corporations are subject to the act, and some corporations are not subject to the act, and likewise that the incomes of some corporations are 'taxable under the provisions of this act,' and the incomes of some corporations are not so taxable.

"It is only dividends received from stock in these corporations whose income is taxable under the provisions of this act which are exempt; upon the other hand, when one of the corporations whose income is not taxable under the provisions of this act pays a dividend to a stockholder who is a taxpayer under the provisions of this act, such dividend is not exempt."

It is clear that the decision in the Rapp Case turned upon the point whether the particular corporations were subject to the act, for the dividends there considered were corporate income not taxable thereunder, but the corporations were actually subject to the provisions thereof.

There is little, if any, difference in the meaning of the particular clause in the 1931 act and that contained in the act of 1935 here under consideration. The first would permit deduction of "dividends received from stock in any corporation, the income of which is taxable under the provisions of this act"; the latter permits deduction of "the amount received as dividends from any corporation subject to taxation under this act." If the corporation is of the type included in the act as one required to pay tax on its income, if any is earned, its dividends are relieved from income tax in the hands of its stockholders. As said in the Rapp Case, "it may be that our Legislature could have limited this exemption to apply only in cases where the corporation had actually paid an income tax on the moneys from which the dividends were distributed, but this it did not do."

The 1935 statute, section 6, levies the tax upon every person as defined in section 4 (b) thereof. Said section 4 (b) defines the term "person" as an individual, a trust or estate, a partnership or corporation. And paragraph (d) of said section 4 defines a "corporation" as an organization (other than a partnership) "(1) created or organized under the laws of Oklahoma, or (2) qualified to do, or doing business, in Oklahoma, in a corporate or organized capacity, by virtue of creation or organization under the laws of the United States or of some state, territory or district of a foreign country." The corporation in the instant case was qualified to do business in Oklahoma, and therefore came within the specific terms of the statute as one subject to the provisions thereof. Since it was subject to the terms of the act, it was required to file an income tax return (subd. F, sec. 13), and it was subject to taxation under the act at any time its earnings within the state justified. Since it was made subject to the act, its dividends, notwithstanding the source thereof, were free from income tax in the hands of its stockholders.

The judgment is accordingly reversed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, DAVISON, and NEFF, JJ., concur. CORN, J., absent.