## In re PRICE.

No. 30243.   Feb. 3, 1942.

Rehearing Denied March 10, 1942.

*122 P. 2d 994.*

Rowland, Talbott & Rowland, of Bartlesville, for plaintiff in error.

F. M. Dudley, A. L. Herr, C. D. Stinchecum, and A. D. Howell, all of Oklahoma City, for defendant in error.

Oron S. Ellifrit, of Ponca City, amicus curiae.

RILEY, J.   By amended income tax return, Harold C. Price, plaintiff in error, showed an income for the year 1938 subject to tax in the sum of $5,989.84, with a total tax of $209.39. The Oklahoma Tax Commission rejected the amended return and notified Price of a proposed additional assessment and of his right to protest. Price, in due time, presented his protest, which after hearing before the commission was overruled and the commission confirmed an additional assessment and tax liability for the year 1938 in the sum of $1,087.17, together with interest to be ac-

crued thereon, under the Income Tax Law of 1935, as amended, and Price appeals.

The facts giving rise to the controversies are substantially as follows: Price held one-half of the capital stock of H. C. Price, Incorporated, a corporation qualified and doing business in Oklahoma. The capital invested in the corporation was $100,000, making Price's investment of the value of $50,-000. The company was liquidated about March 31, 1938. The fair market value of the assets of the corporation at date of liquidation was $141,367.30. The assets, including an earned surplus of $29,037.59, were divided in kind pro rata to the stockholders. Price received assets of the value of $70,683.65, making a gain of $20,685.65. In his original return filed March 14, 1939, Price reported profit in said sum as taxable and paid one-half of the tax based thereon. The amended return subsequently filed asked that said sum be deducted from his net income on the ground that the profit or gain thus received was not taxable under the 1935 Act in force in 1938. The facts were stipulated and presented to the commission at the hearing. The question is one of law and turns upon the construction to be given to three provisions of the 1935 State Income Tax Act.

Price contends that the gain or profit distributed to him, in the liquidation of the corporation, were dividends and deductible from his net income under subdivision (a) section 11, art. 6, ch. 66, S. L. 1935. Section 6 of the act levied a tax on the entire net income of every person to be determined as provided by subsequent provisions.

Section 7 defined the term "net income," except as to insurance companies, to mean "the gross income less deductions allowed."

Section 8 of the act defined the term "gross income" so as to include income or profits of the nature here involved.

Section 9 of the act provided the method of computing the net income and deductions from the gross income.

Section 10 sets out certain items for which no deduction shall be allowed in computing net income.

Section 11 provides for the allowance, for the purpose of the tax, of certain credits against the net income. Subdivision (a) of said section is one of the provisions of the act here involved. Said provision is:

"(a) The amount received as dividends from any corporation subject to taxation under this act. . . ."

Price contends that the gain or profit shown in the liquidation of the corporation was a dividend from the corporation within the meaning of said provision and is defined by subdivision (k) of section 4 of the act, and was deductible from his net income and therefore not taxable. Subdivision (k), sec. 4, supra, provided:

"(k) The term 'dividend' means any distribution to its shareholders or members which is made by a corporation, out of its earnings or profits, whether such distribution is in cash or other property, or in stock of the corporation."

In Oklahoma Tax Commission v. Hudson, 169 Okla. 367, 36 P. 2d 892, it is held that under the 1931 Act there could be no levy until the deductions provided by the act had been duly allowed.

In Rapp v. Oklahoma Tax Commission, 166 Okla. 210, 27 P. 2d 157, it is held:

"When an individual stockholder receives dividends from corporations whose incomes are taxable under the 1931 Income Tax Act, . . . such dividends received are exempt from taxation as part of his income by virtue of the provision of subdivision (g) of section 12502, O. S. 1931."

In both of the above cases, the "dividends" involved were ordinary returns upon the stock of its stockholders paid to them by a going corporation, without reducing their stock holdings, leaving them in a position to enjoy future returns upon the same stock. This is what is generally meant and understood in the use of the term "dividends."

In Rapp v. Oklahoma Tax Commission, supra, it is held that the provision of section 5 of the 1931 Act, which read:

"Section 5. The following items shall not be included in gross income and shall be exempt from taxation under this act: . . .

"(g) Dividends received from stock in any corporation, the income of which is taxable under the provisions of this act"

—was plain and unambiguous, and exempted dividends paid from money earned where the corporation was taxable under said act.

In support of his contention that the gain or profit here involved was not taxable, Price cites Falk v. Wisconsin Tax Commission, 218 Wis. 130, 259 N. W. 624. Therein the court had before it the construction of a provision of the Wisconsin Income Tax Law defining the term "income" as follows:

" 'The term "income," as used in this act, shall include: . . . (b) All dividends derived from stocks; . . . provided, that the term "dividend" as used in this section shall be held to mean any distribution made by a corporation . . . out of its earnings or profits accrued since January 1, 1911, and paid to its shareholders whether in cash or in stock of the corporation.' "

It was said that the language used seemed so plain and unambiguous that there was no occasion for resorting to such rules of construction as are necessary to determine the legislative intent when terms used in a statute are ambiguous or of doubtful application. It was there held that the term "dividends" as there defined included all liquidating dividends. Such are the dividends here under consideration.

In Hellmick v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, the court had under consideration the definition of the term "dividend" as contained in section 201 (a) of the Federal Income Tax Law of 1918, wherein the term was defined as "any distribution made by a corporation . . . to its shareholders . . . whether in cash or in other property . . . out of its earnings or profits accumulated since February 28, 1913." With reference to that definition standing alone, the court said:

"It is true that if sec. 201 (a) stood alone its broad definition of the term 'dividend' would apparently include distributions made to stockholders in the liquidation of a corporation—although this term, as generally understood and used, refers to the recurrent return upon stock paid to stockholders by a going corporation in the ordinary course of business, which does not reduce their stock holdings and leaves them in a position to enjoy future returns upon the same stock."

It may be said that the definition of the term "dividend" found in section 201 (a), supra, is substantially the same as the definition of the term found in subdivision (k), section 4, of the 1935 Oklahoma Income Tax Law.

The Supreme Court of the United States, in Hellmick v. Hellman, supra, then explained how distributions made in liquidation were taken out of the provision exempting dividends by subsequent and other provisions of the act.

The commission in effect concedes that the definition of "dividends," as found in section 4 of the 1935 Income Tax Law, read with subdivision (a), sec. 11, supra, exempts from taxation the gain or profits of Price here under consideration, unless taken out of the exemption by other provisions of the act.

It is contended that subsection (c) 3, sec. 12, of the act supplies this other provision which removes them from the term "dividends" as defined in the act. Said subdivision is:

"(3) In the case of stock in corporations, the basis shall be diminished by the amount of distributions previously made in respect of such stock, in the nature of liquidating dividends."

We are unable to see where that provision in any way affects that which is deductible from the net income. That provision is inserted for the purpose of ascertaining the amount of gain or loss

264

in connection with the purchase and sale of stock in a corporation, and has no application to the matter of exemptions or deductions.

Except for the legislative definition of the term "dividend" as contained in the act, we would have no difficulty in arriving at the conclusion that the term "dividend" as used in section 11 of the act, relating to deductions from or credits against net income, meant the ordinary dividend paid by a corporation to its stockholders as a going concern and did not apply to so-called liquidating dividends.

But when the Legislature has specifically defined "dividends" as used in the act as "any distribution," to its shareholders or members, which is made by a corporation to its shareholders or members out of its gains or profits, we feel bound by that definition, and that the profits or gains involved should have been credited against Price's net income.

Doubt as to the provision has apparently been removed by later income tax laws, but, as the law stood in 1938, the order of the Oklahoma Tax Commission must be, and is, reversed, with directions to allow the credits claimed.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., and DAVISON, J., absent.