TIPTON *v.* PARKER.

Opinion delivered January 24, 1903.

LEGISLATURE—RESOLUTION EXTENDING POWERS OF COMMITTEE AFTER ADJOURNMENT.—Neither body of the legislature, by a resolution not concurred in by the other body, has authority to direct a committee to make certain investigations after the adjournment of the legislature and to report its findings to the governor, nor to fix the compensation of the members of such committee while so engaged.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Reversed.

Petition for mandamus by H. D. Parker and another to compel H. C. Tipton, treasurer of the State of Arkansas, to accept an auditor's certificate of indebtedness in part payment of a half section of land which Parker desired to purchase from the state. The certificate was numbered 54, dated January 12, 1882, and was for the sum of $72. It appears that C. E. Mitchel was a member of the committee on auditor's and treasurer's books, appointed by the senate of the general assembly of 1881; that said committee was directed by a resolution of the senate to continue its investigation after adjournment of the legislature and to certify to the governor the result of such investigation, and the members of said committee were to receive pay for each day they were actually engaged at the same rate *per diem* as when the legislature was in session.

It was agreed "that auditor's certificate No. 54 was for services rendered as a member of said committee under said resolution, is correct in amount, and a certificate therefor was signed by the president and attested by the secretary of the senate after the senate had adjourned, and thereupon said certificate was issued, the funds in the hands of the treasurer for the contingent expenses of the general assembly for that session having been exhausted; that tender of said certificate and $128.00 in cash was made to H. C. Tipton as treasurer of the state of Arkansas, and demand made for a receipt for the purchase money for the following land in Saline county, to-wit: East half of east half of section 28, township 1 south, range 16 west, being land forfeited to the state for taxes, and for which the time for redemption had expired, their purchase price being $200, and that thereupon said H. C. Tipton refused to accept said auditor's certificate as part of the purchase money for said land; that said certificate was sold and assigned to H. D. Parker by C. E. Mitchel for full value."

Plaintiffs had judgment below, and defendant appealed.

*Geo. W. Murphy, Attorney General,* for appellant.

The senate had no power to extend the life of its session beyond the limit of six days, without a two-thirds vote of the members of the house of representatives. Const. Ark. art. V, § 17. The

only legitimate office of the committee was to furnish the senate which appointed it with information. Ordr. Const. Leg. 375. The power of the committee terminated with the final adjournment of the assembly. Cooley, Const. Lim. 161.

*Cantrell & Loughborough,* for appellees.

The senate had power to appoint the committee of investigation. Odr. Const. Leg. 367. Each house must be allowed to proceed in its own way for the collection of information. Cooley, Const. Lim. 161. The power of a committee terminates with the adjournment of the house appointing it. Cooley, Const. Lim. 161. But, if the house expressly so authorizes, it may sit after the adjournment. 58 Kan. 368; 117 N. C. 147; Ordr. Const. Leg. 367. Each house has the power to control its contingent expenses. Sand. & H. Dig. § 3557. The certificate in suit should have been received by the treasurer. Sand. & H. Dig. § 4565.

WOOD, J. Under section 4565 of Sandels & Hill's Digest the certificate of indebtedness of the auditor was receivable as part of the purchase money of lands which had been forfeited to the state for the non-payment of taxes, provided the certificate was issued according to law. So the question presented here is, Did the senate of 1881, by a resolution of its own not concurred in by the house, have authority to extend the powers and duties of a senate committee beyond the duration of the session of the general assembly, and to fix the compensation of the members of such committee, while performing their labors after the adjournment of the session, at the regular *per diem* allowed them as senators during the session, to the end that such committee might make certain investigations and report its finding to the next general assembly or to the secretary of state and the governor.

Section 17, article 5, of the constitution provides that the regular biennial sessions shall not exceed sixty days in duration, unless by a vote of two-thirds of the members elected to each house of the general assembly.

The senate has no power, by resolution of its own, to extend its session, and neither did it have power by such separate resolution to continue its committee as a mere agency of the body beyond the term of the body itself which created it.

"Each house," says Judge Cooley, "must also be allowed to proceed in its own way in the collection of such information as

may seem important to a proper discharge of its functions, and whenever it is deemed desirable that witnesses should be examined, the power and the authority to do so is very properly referred to a committee, with any such powers short of final legislative or judicial action as may seem necessary or expedient in the particular case. Such a committee has no authority to sit during a recess of the house which has appointed it, without its permission to that effect. But the house is at liberty to confer such authority if it sees fit." Cooley, Const. Lim. 161.

The "recess" here referred to by Judge Cooley means the intermission between sittings of the same body at its regular or adjourned session, and not to the interval between the final adjournment of one body and the convening of another at the next regular session. When applied to a legislative body, it means a temporary dismissal, and not an adjournment *sine die.* Cent. Dic. *verbo* "Recess."

The committee, being the mere agency of the body which appointed it, dies when the body itself dies, unless it is continued by law; and it is not within the power of either house of the general assembly to separately enact a law, or pass a resolution having the force and effect of a law. To do this requires a majority of each house voting in its favor. Const. 1874, art. 5, § 23.

The only legitimate office, power or duty of a committee of the senate, in the absence of a law, prescribing other functions and duties, is to furnish the senate which appointed it with information, and to aid it in the discharge of its duties. The senate alone has no power to appoint a committee to make an investigation after its adjournment and to make a report to another department of the government or to another session of the senate or general assembly. Ordronaux, Const. Leg. p. 375.

Each session of the senate is separate and distinct from every other session, and is generally composed of different members. Each house has control of its contingent expenses. Sec. 3557, Sand. & H. Dig. But the expenses of this senate committee were not incident to any legislation originating in the senate, and could not properly be classed as contingent expenses of that body.

The certificate of the auditor was therefore without authority of law and void.

Reversed and dismissed.