**STATE ex rel. SIGLER v. CHILDERS, State Auditor.**

No. 14308—Opinion Filed May 22, 1923.

(Syllabus.)

**States—Legislature—Committee of House Members to Function After Adjournment —Change in Per Diem.**

The House of Representatives of this state, acting independently, passed a resolution authorizing the Speaker to appoint a committee consisting of members of the House with power to meet after the adjournment of the Legislature sine die, and fixed the salary of the members of the committee during said investigation different from that fixed by the Constitution. Held, that portion of the resolution fixing the salary different from that fixed by the Constitution is void.

Quaere: Whether the members of the committee have any power or authority to meet after the Legislature adjourned sine die, to make investigation regarding the advisability of impeaching any elective officer, and are entitled to the compensation allowed for members during session, is not decided, as said questions are not involved in this case.

Original action by the State, on the relation of Guy H. Sigler, for writ of mandamus against C. C. Childers, State Auditor. Writ denied.

Lydick & Wilson, for plaintiff.

George F. Short, Atty. Gen., C. A. Galbraith, Asst. Atty. Gen., and Leon S. Hirsh, Special Asst. Atty. Gen., for defendant.

McNEILL, J. This is an original action commenced in this court, and involves the force and effect of a resolution of the House of Representatives which authorized the Speaker to appoint a committee consisting of five members of the House, to make certain investigations after the session of the Legislature adjourned, and fixing a salary per diem for said members different from that prescribed by the Constitution, and providing for filing a report of the investigation with the Governor. The resolution authorized the committee to conduct hearings after the Legislature adjourned sine die, and incur expenses, and fixed their salary at $5 per diem, and traveling expenses, and set aside $5,000 out of any funds remaining in the state treasury to the credit of House expenses, not otherwise appropriated, to pay said salary and expenses. The plaintiff was one of the committee duly appointed, and after the Legislature adjourned sine die, he entered upon his duty April 1st, and served until April 30th, and filed his claim with the State Auditor for the sum of $150, being the salary for 30 days as fixed under the resolution. The State Auditor refused to allow the same or issue a warrant therefor.

The plaintiff instituted this original action of mandamus in this court to compel the State Auditor to issue said warrant. The petitioner does not question the power or authority of the State Auditor in his official capacity to question the validity of said claim, so that question will not be discussed.

The plaintiff in his brief admits the following propositions of law, to wit: First. The rule is well settled, and the petitioner readily admits, that the action of either house of the Legislative Assembly is void, if one house of the legislative body, acting independently of the other, creates a committee to act after the final adjournment of said Legislative Assembly in purely legislative matters. Second. That the action of one house of the legislative body, acting independently of the other, in creating a committee to act after the final adjournment of the Legislative Assembly in matters not in aid of legislation, but could not be used in impeachment proceedings, is likewise void.

The plaintiff, however, seeks to avoid the force and effect of these propositions of law by filing an amendment to his petition wherein he alleges the intent of the Legislature in passing the resolution was solely for the purpose of seeking information to know whether any elective state officer was guilty of unlawful neglect of duty, corruption in office, or other offense that would subject him to impeachment, and the committee in making the investigation therefor had the sole purpose of obtaining information to enable the Governor of the state and the House of Representatives to ascertain whether grounds exist to justify the House of Representatives to proceed under the Constitution to impeach any state officers, and provided the committee should make its report to the Governor for the purpose of enabling the Governor to determine whether he would be justified in calling a special session of the Legislature for the purpose of having the House institute impeachment proceedings.

The general rule applicable to the construction of statutes, which would likewise apply to the resolution in the case at bar, is, if the words convey a definite meaning which involves no absurdity, then that meaning, apparent on the face of the instrument, must be accepted, and the courts have no right to add to it, or take from it. See Leahy v. Indian Territory Illuminating Oil Co., 39 Okla. 312, 135 Pac. 416; Board of Lake County Commissioners v. Rollins, 130 U. S. 670, 32 Law Ed. 1061. We do not believe the resolution is subject to the construction or interpretation placed thereon by plaintiff. If the author of the resolution had any such intention, the same could have been easily expressed, but the language used conveys no such idea.

For the sake of argument, let us admit that the resolution is subject to such an interpretation, and it was the intent of the author of the resolution, and the House in passing the same, that the committee was to make the investigation, for the sole purpose of ascertaining facts upon which to predicate impeachment proceedings. We are then presented with the following questions:

Can the House of Representatives acting independently and without the concurrence of the Senate, or approval of the Governor, by resolution of that House, appoint a committee consisting of members of the House and the Speaker, to make an investigation after the Legislature adjourns for the purpose of ascertaining facts upon which to predicate the impeachment of some elective state official, and file said report with the Governor, and by said resolution fix the salary of the members of the committee during said investigation, different from that fixed by the Constitution?

Whether the House of Representatives has power and authority by resolution of that House to appoint a committee consisting of certain members of the House to sit after the Legislature has adjourned sine die, for the purpose of investigating elective officers and making a report to the Governor, it will be unnecessary for us to determine. This question was involved in the case of Ex parte Caldwell (W. Va.) 55 S. E. 910. In that case the House of Delegates of West Virginia adopted a resolution reciting that the Governor in a written communication to the House had requested it to hake an investigation of certain charges against him. A resolution was passed authorizing the appointment of a committee of three members of the House to investigate the charges and empowering the committee to compel the attendance of witnesses, to send for persons and papers, and to sit after the adjournment of the Legislature. The committee met and summoned Caldwell to appear as a witness, and he refused to obey the summons; attachment was issued and placed in the hands of the sheriff to attach and bring Caldwell before the committee to answer for contempt. A writ of habeas corpus was sued out by Caldwell in the circuit court, and the writ denied. An appeal was taken to the Supreme Court of the state of West Virginia, and the lower court reversed and the writ granted. In the syllabus the court stated as follows:

"The House of Delegates has no power, by its independent action, to raise a committee of investigation, with power to sit during the recess of the Legislature after the close of the session of the Legislature."

Caldwell also sued out a writ of habeas corpus in the federal court, and the case is entitled Ex parte Caldwell, 138 Fed. 487. The court there held that the House of Delegates had no power to appoint a committee to sit during vacation to investigate alleged misconduct of the Governor in pursuance of a special message submitted by him, solely for the purpose of vindicating the Governor, whose term would expire before he could be tried or impeached. An appeal was taken from this decision to the Circuit Court of Appeals, where the same was affirmed, but reversed on appeal by the Supreme Court of the United States solely upon the theory that the federal court had no jurisdiction. See Carter v. Caldwell, 200 U. S. 293, 50 L. Ed. 488. If we apply the principle of law laid down in the federal court, it would be nec-

essary for the resolution to designate the officer or officers attempted to be impeached, or, at least, to show that said parties were still in office.

The cases that deal generally with the power of one branch of the Legislature to appoint an investigating committee, and the authorty to sit after adjournment of the Legislature to investigate matters, are reflected in the following opinions: Fergus v. Russell, 270 Ill. 304, 110 N. E. 130; Ex parte Caldwell, 138 Fed. 487; Tipton v. Parker (Ark.) 74 S. W. 298; Dickinson v. Johnson (Ark.) 117 S. W. 116; State ex rel. Rulison v. Gayman, 31 Ohio Cir. Rep. 59; Ex parte Caldwell (W. Va.) 55 S. E. 910, 11 Ann. Cas. 646; Stockman v. Leddy (Colo.) 129 Pac. 221; State ex rel. Robertson Realty Co. v. Guilbert (Ohio) 78 N. E. 931; People v. Webb, 5 N. Y. Supp. 855; Kilbourn v. Thompson, 26 L. Ed. 377; In re Davis (Kan.) 49 Pac. 160; Commonwealth v. Costello, 21 Dist. Penn. Rep. 232. The above cases are uniform in holding that one branch of the Legislature has no power by its independent action to appoint a committee of investigation, with power to meet after the close of the session of the Legislature. In other words, when the Legislature ends, the power of the committees of each branch of the body ends. While the cases above cited are uniform in their holding, even if we should hold to the contrary, which we do not, we are then confronted with the power of the Legislature to fix the salary of its members by resolution which is different from the salary fixed by the Constitution. The plaintiff in error has not discussed this proposition in his brief, although the State Auditor through the Attorney General raises this question. The plaintiff cannot prevail unless this question is also answered in the affirmative. Section 21, art. 5, of the Constitution fixes the salary per diem for the members of the Legislature. This resolution fixes the salary of the members of the committee as follows: The expenses of each is hereby limited to $5.00 each as salary, also necessary traveling and hotel expenses, etc.

In the case of Tipton, State Treasurer, v. Parker (Ark.) 74 S. W. 298, the syllabus is as follows:

"Under Const. art. 5, par. 17, providing that the regular biennial session of the Legislature shall not exceed 60 days, unless by two-thirds vote of the members elected to each house, and section 23, requiring a vote of the majority of each house to enact a law or pass a resolution having the force and effect of a law, the Senate may not alone extend the powers of a committee thereof beyond the session, and fix the compensation thereof; so that the certificates of indebtedness given by the State Auditor to the members of the committee for their compensation are without authority, and void."

The only difference in that case is the resolution was a Senate resolution, and the compensation provided in the resolution was the regular per diem allowed members during the session.

The above case was followed and approved by the Supreme Court of Illinois in the case of Fergus v. Russell, 110 N. E. 130, the 29th and 30th paragraphs of the syllabus being as follows:

"29. Though a committee appointed by either house of the General Assembly, or by both houses, acting concurrently by a mere resolution, may, after the adjournment of the Legislature, act and lay the result of their investigations before the succeeding General Assembly, in so doing they are acting under no authority, but merely as private individuals, and an appropriation to pay their expenses is void, under Const. art. 4, par. 20, providing that the state shall never pay, assume, or become responsible for the debts or liabilities of, or in any manner give, loan, or extend its credit to, or in aid of, any public or other corporation, association, or individual.

"30. The long indulgence of the Legislature and each house thereof in the custom of appointing by joint or separate resolutions, committees to act after the session of the Legislature has ended can create no right in the Legislature or either house to do so."

The Supreme Court of Arkansas in the case of Dickinson, State Auditor, v. Johnson, 176 S. W. 116, had under consideration a concurrent resolution of the Legislature appointing a committee for certain purposes. The statement of facts discloses the resolution was passed by both the House and Senate and duly enrolled and signed by the Governor. The committee proceeded upon its investigation and incurred expenses. An action was brought by certain taxpayers against the State Auditor, enjoining the auditor from issuing warrants to pay the expenses incurred under the concurrent resolution. A demurrer was filed to the petition and overruled. A decree was granted enjoining the State Auditor, and the State Auditor appealed. The court in the opinion stated as follows:

"Even if the Legislature, by concurrent resolution, could have continued its committees after final adjournment, it could not, by resolution under the above provisions of the Constitution, appropriate the money necessary for the payment of the expenses of such committees out of the funds appropriated to pay the contingent expenses of the Legislature. To do this would have

required a bill making the specific appropriation. May v. Rice, Auditor, 91 Ind. 546. See, also, Reynolds v. Blue, 47 Ala. 711."

A somewhat similar question, although not exactly the same, was involved in the case of State ex rel. Robertson Realty Co. v. Guilbert, supra, and Stockman v. Leddy, supra.

In view of our Constitution fixing the salary of the members of the Legislature and the authorities above cited, it would seem clear that the one branch of the Legislature could not by resolution fix compensation for its members while acting upon a committee after the adjournment of the Legislature different from that fixed by the Constitution. Whether the plaintiff would be entitled to the compensation fixed under the Constitution is not decided, as that question is not involved. Plaintiff cites no case to support his theory that he is entitled to compensation other than that fixed by the Constitution. To support the general proposition of law that the House of Representatives may by resolution of the House appoint a committee with power to sit after the Legislature adjourns, to inquire into matters that may result in impeachment proceedings, an opinion of the Attorney General of the state of Pennsylvania, 22 Penn. Dist. Rep. 833, is cited. The opinion in that case does not attempt to hold that the committee was entitled to a different compensation from that fixed by law, nor was the question of compensation even referred to. The resolution under consideration in that case authorized the appointment of a committee to investigate certain charges of judicial misconduct on the part of Honorable Robert E. Umbell and Honorable John C. Swearinger, Judge of the 14th Judicial District. The Attorney General in his opinion concluded as follows:

"I am, therefore, of opinion that, as a legal proposition, the power of your committee to hold hearings and compel the attendance of witnesses and the production of books and papers, etc., will not cease by reason of the adjournment of the General Assembly. But, in view of such adjournment, and the further steps or proceedings which should follow your report, as above outlined, the question as to the wisdom or practicability of your continuing to hold sessions of the committee after adjournment, is one of which you are, of course, the judges."

It is intimated that if the members of the committee are unable to receive compensation for their services, its work necessarily ceases, and the Legislature and Governor will be deprived of certain valuable information that may be derived from the investigation. The province of the judicial branch of the government is to construe and adminis-

ter the laws, and not to make them. This court has no power to make a law authorizing payment of the plaintiff's claim; that must be left to the Legislature. The responsibility must be placed upon the author or authors of the resolution. They saw fit to make the compensation of the committee different from that prescribed by law, simply by a resolution of that house. This cannot be done. The members of the committee have acted, and relied upon the resolution, and expended their own money and rendered services, and are morally entitled to the compensation, but that question cannot be solved by this court, but is a matter for the consideration of the next Legislature.

For the reasons stated, the petition is dismissed and the writ of mandamus denied.

JOHNSON, C. J., and KENNAMER, NICHOLSON, BRANSON, and HARRISON, JJ., concur.