NABHOLZ CONSTRUCTION CORP. *v.* PATTERSON, CHANCELLOR.

5-1773 317 S. W. 2d 9

Opinion delivered October 27, 1958.

*Guy H. Jones,* for petitioner.

*Martin, Dodds, Kidd,* for respondent.

GEORGE ROSE SMITH, J.   On July 29, 1958, the petitioner, by its attorney, State Senator Guy H. Jones, filed suit in the Faulkner chancery court to enjoin the members of a labor union from picketing a construction job at Conway.   On the same day a temporary injunc-

tion against the picketing was issued by the county judge, both the circuit judge and the chancellor being absent from the county. After the issues were joined the chancellor set the case for a final hearing on September 8.

On August 23 the Governor called the General Assembly into a special session that was to begin on August 26. Senator Jones, as a member of the legislature, then asked for a continuance under the provisions of Ark. Stats. 1947, § 27-1401. The chancellor granted the request only to the extent of resetting the case for trial on October 6. The petitioner later filed this application for a writ of prohibition, contending that the legislature will be in continuous session until January 10, 1959, and that the statute therefore requires that the case be stayed until at least thirty days after that date. The chancellor postponed the trial until the petitioner's application could be passed upon by this court.

The respondent insists that the trial court acted within its jurisdiction in setting the case for trial and that prohibition is accordingly not the petitioner's proper remedy. It has been held, however, that a court acts in excess of its jurisdiction in proceeding to a trial when the statute in question requires that the case be continued. *Barton-Mansfield Co. v. Higgason,* 192 Ark. 535, 92 S. W. 2d 841. We do not now re-examine the soundness of the majority's ruling in that case; for the principal question in the case at bar affects the administration of justice and should, in the public interest, be decided on its merits.

The statute provides that when any attorney in a pending case is a member of the legislature all proceedings shall be stayed ''for not less than 15 days preceding the convening of the General Assembly and for thirty days after its adjournment, unless otherwise requested by any interested member of said General Assembly.'' Ark. Stats., § 27-1401. The issue here is whether the adjourning order of the August special session of the

General Assembly entitles the petitioner's attorney to invoke the protection of the statute.

The legislature convened on August 26 and remained in session at the state capitol in Little Rock until August 29. On that day the members adopted a resolution of adjournment and returned to their homes throughout the state. The adjourning resolution, after a preamble declaring the need for a continuation of the session, reads as follows:

"1. That on Friday, August 29, 1958, we do adjourn at 12:00 M. (high noon) until January 10, 1959;

"2. That the items within the purview of the proclamation for the convening of the present session have not been completed; and that there are yet numerous bills in committee and various items that we can consider;

"3. That additional time is needed to study and draft legislation which may vitally affect our school problems;

"4. That we adjourn subject to the call of the President of the Senate and the Speaker of the House; and that we duly forego any compensation for days in which we are not actually in session;

"5. That said adjournment will be at no expense to the State of Arkansas except for days actually served between August 29, 1958, and January 10, 1959;

"6. That on January 10, 1959, we duly adjourn *sine die* at 12:00 M. (high noon)."

The petitioner argues that the effect of this resolution was to create merely a recess until January 10, 1959, when the true adjournment will take place. On this basis it is contended that, since the statute in question refers only to an adjournment, the petitioner is entitled to a continuance until thirty days after January 10, 1959.

We do not find this argument persuasive. An adjournment may be either to a day certain or without day, while a recess is defined as a suspension of business for a comparatively short time. Webster's New International Dictionary (2d Ed.). See also *Tipton* v. *Parker*, 71 Ark. 193, 74 S. W. 298. Here the intermission appears to have been an adjournment to a day certain, and indeed that seems to have been the understanding of the General Assembly itself, for the resolution uses the words "adjourn" and "adjournment," with no mention of a recess.

We do not, however, rest our decision upon the technical distinction between a recess and an adjournment. The consideration of primary importance is whether the legislature, in enacting the statute now invoked by the petitioner, intended for it to be controlling in a situation such as this one, when the General Assembly is not actually in session in Little Rock and when its members are free to attend to private business.

We are convinced that the statute was not meant to apply to this situation. It requires that proceedings be stayed for a period beginning at least fifteen days before the session and ending thirty days after adjournment. The policy underlying the law was aptly stated in the emergency section of Act 4 of 1931, where it was declared that "it is more important that members of the legislature shall attend to their public duties rather than to their private affairs." The essential need for the statute lies in the attorney's duty to be in attendance at the legislative session. See *Cox* v. *State*, 183 Ark. 1077, 40 S. W. 2d 427. The periods of grace before and after the session are manifestly intended to enable a lawyer to make advance arrangements for the temporary suspension of his practice and, after adjournment, to interview witnesses and make other preparations for trial.

None of these considerations are involved in the contention now urged by the petitioner. Senator Jones was

required to be at the capitol for a special session lasting four days, after which he was free to resume his private practice of law. He was duly granted a continuance of more than thirty days after his return to his home at Conway. Neither the letter nor the spirit of the law contemplates a further postponement.

Our ruling in *McConnell* v. *State*, 227 Ark. 988, 302 S. W. 2d 805, goes far toward deciding the present case. There we pointed out that a statute affording reasonable protection to attorneys serving in the legislature is valid. But if the act clearly goes beyond the needs of the situation and in effect transfers the control of judicial dockets from the courts to the attorney members of the legislature, it becomes an unconstitutional invasion of the powers granted to the judiciary.

To construe § 27-1401 as the petitioner would have us do would present a serious question as to its validity. Under this interpretation there would be no limit to the unjust delays that might be demanded. The present General Assembly, the Sixty-First, was convoked in extraordinary session within eleven days after the close of its regular session in March of 1957. Had that special session ended with an adjourning resolution like the one now before us, the petitioner's argument would have led to mandatory continuances extending to almost two years. Public policy strongly demands the prompt trial of criminal and civil cases. On the criminal side, unnecessary postponements destroy much of the deterrent effect that a conviction should have. On the civil side, it is a truism that justice delayed is apt to be justice denied. Indeed, this case illustrates the principle, for if the temporary injunction cannot be reviewed until thirty days after January 10, 1959, and even then not until thirty days after the adjournment of the regular legislative session that will convene on January 13, the construction job may well be finished before the case is heard. The case would then be moot, so that the defendants would be deprived of their day in court.

Although these considerations of public policy must give way to the pressing need for brief continuances in connection with actual sittings of the General Assembly, they cannot be disregarded when the legislators have resumed their private business and can assert no well-grounded plea for a postponement.

It is earnestly urged that, since the adjourning resolution authorizes the President of the Senate and the Speaker of the House to recall the legislators, Senator Jones and others in his situation cannot make preparations for trial, such as the summoning of witnesses, with any assurance that they will not be called away on the eve of trial. This risk, however, is part of the sacrifice involved in this particular type of public service. The Governor has the power under the constitution to convoke the General Assembly at any time. Ark. Const., Art. 6, § 19. The hazard of being recalled by the President of the Senate and the Speaker of the House under the terms of this resolution is precisely similar to the constant hazard of being recalled by the chief executive.

Writ denied.

Harris, C. J., dissents.

Carleton Harris, Chief Justice (dissenting). In dissenting, I take cognizance of the fact that we are living in tumultuous and abnormal days; otherwise, I should only take the view herein expressed with great reluctance, and for that matter, otherwise, the legislature would not have passed the resolution under discussion. Certainly, it is entirely possible that the General Assembly could be called back at any day, and this call could well come during the preparation for trial, or during the trial itself. The majority says that "This risk, however, is part of the sacrifice involved in this particular type of public service." While the emergency clause to Act 4 of 1931 (Sec. 27-1401) states the purpose of the legislation to be,

"* * * that members of the legislature shall attend to their public duties rather than to their private affairs * * *."

I am also persuaded that a secondary purpose was to prevent the sacrifice of a legislator's private practice.

Under normal circumstances, the lawyer legislator knows when the General Assembly will meet, and can make his plans accordingly, but under the present existing circumstances, the time of a possible reconvening cannot be ascertained, and under this ruling of the majority, preparation for litigation, dates for trial, etc., cannot be made with certainty.

Irrespective of the fact that the word "adjourn" is used in the resolution, a reading of same clearly shows that the legislature intended to recess rather than to adjourn. Black's Law Dictionary, 4th Edition, page 1434, defines the difference between a recess and an adjournment. A recess is:

"In legislative practice, the interval, occurring in consequence of an adjournment, between the sessions of the same continuous legislative body; not the interval between the final adjournment of one body and the convening of another at the next regular session."

In other words, it is a temporary dismissal, and not an adjournment *sine die*. We find this view expressed in one of our own cases *Tipton* v. *Parker*, 71 Ark. 193, 74 S. W. 298. There, Justice Wood quotes Judge Cooley, relative to the authority of a legislative committee to sit during a recess of the house which had appointed it. Following which, Judge Wood states:

"The 'recess' here referred to by Judge Cooley means the intermission between sittings of the same body at its regular or adjourned session, and not to the interval between the final adjournment of one body and the convening of another at the next regu-

lar session. When applied to a legislative body, it means a temporary dismissal, and not an adjournment *sine die.*"

Here, according to the resolution under discussion "* * * the items within the purview of the proclamation for the convening of the present session have not been completed; and that there are yet numerous bills in committee and various items that we can consider; 3. That additional time is needed to study and draft legislation which may vitally affect our school problems; * * *"

Accordingly, in my opinion, the legislature is only in recess, and its lawyer members are entitled to the protection afforded by Section 27-1401. I would therefore grant the petition.