LEGISLATURE — INTERIM COMMITTEES
The Legislature or either house thereof acting independently does not have authority to create committees to sit during the interim, between legislative sessions, by resolution or other measures not having the force and effect of the law. Therefore it is not necessary to reach the question of reimbursement for travel expenses of committee members. Committees which are to function during the interim session, must be created with the force and effect of law. This opinion should not be construed as affecting legislative resolutions not having the force of law which request the creation of interim study committees by the State Legislative Council or which request that a subject be studied during an interim period by a standing committee of the State Legislative Council. The Attorney General's office has received your opinion request wherein you ask the following questions: "1. Does the Legislature, or either house thereof acting independently, have constitutional authority to create committees, by resolution or other measures not having the force and effect of law, to sit after adjournment of the regular legislative session and the members thereof be reimbursed for travel expenses and paid per diem for attending committee meetings ? "2. If the answer to said question is negative, may the Legislature or either house thereof acting independently, create by simple or concurrent resolution interim committees, if the members of said committees are not reimbursed for travel nor paid per diem, nor otherwise receive any public funds for serving on said committees?" The powers of the Legislature are set forth in Article V, Section 36 which section states: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." It is clear that the Legislature may create committees inasmuch as such creation would be a rightful subject of legislation. However, the determinative issue is whether such committee creation necessitates approval by and through a formal legislative lawmaking procedure or may it be accomplished through resolution or other measures not having the force and effect of law as posed in your question. With respect to a joint or concurrent resolution, not having the effect and force of law, the case of Oklahoma News Company v. Ryan, 224 P. 969, 101 Okl. 151 (1924), sets down the basic rule. The Ryan case states: "It does not matter whether the resolution is termed a joint resolution or a concurrent resolution. If the resolution is passed by one house and is then sent to the other house for its concurrence and is passed by it and signed by the presiding officer of each house, and approved by the Governor, it becomes a law regardless of its designation, and is a joint resolution within the meaning of that term as used in the Constitution in the joint rules of the Legislature." The Court goes on to point out that, "As a general rule a joint or concurrent resolution adopted by the Legislature will not have the force or effect of a law, where the Constitution under which the legislative body operates requires the enacting of all laws to be in some prescribed form other than by resolution . . ." The Ryan case goes on to point out that the formal requirements for the enacting of all laws and notices that resolutions and bills not conforming to those specific requirements do not have the force and effect of law. The general rule in Oklahoma, as above quoted, is reiterated in 82 C.J.S., 20, as applied to most jurisdictions, wherein it states: "The view taken in most, but not in all, jurisdictions is that legislation cannot be enacted by joint or concurrent resolution with respect to specified subjects. However, legislative bodies have the inherent power to express legislative will by joint resolution on all matters which the constitution does not require to be adopted with the formalities prescribed as essential to the passage of a law." It is therefore clear, that a joint or concurrent resolution passed by the Legislature, not conforming to the prescribed procedures for adopting or enacting laws, does not have the force and effect of law. With respect to the specific issue of whether legislative action not having the force and effect of law, that is a joint or concurrent resolution not following the prescribed standards for enacting the law, may create committees to function during the interim session is one not before answered in the State of Oklahoma, but has been the subject of inquiry in other jurisdictions. 82 C.J.S., 20, which section deals with the mode of enactment by joint or concurrent resolution, states in pertinent part: "The legislature also has power to provide for the appointment of a joint legislative committee and confer certain powers thereon, but such a resolution is not the enactment of a bill or the passage of a law, and, when it is necessary for such committee to continue to function after the adjournment of the general assembly, it can be constituted only by a bill- enacting a law to that effect." (Emphasis added) Mason's Legislative Manual, Section 622, which section deals with the functioning of committees during recess or after adjournment states: "Committees have no power to act as such after adjournment of the Legislature unless they are specifically authorized to do so." Thus, evidencing a need for specific legislation permitting a committee to function after session, the above quote finds its authority in Russell v. Cone (1925), 168 Ark. 789,272 S.W. 678 and Commercial and Farmers Bank v. Worth (1895),117 N.C. 146, 23 S.E. 160. With specific reference to legislative committees, 81 C.J.S., States, 42: "Generally, neither branch of the legislature may, by independent action, create an investigating committee with power to sit after adjournment of the legislature, and in order to continue or appoint a committee whose work of investigation is to proceed after the adjournment of the body which created it, the enactment of a law by bill passed in the manner prescribed by the constitution is required. . . . Accordingly, it has been held that the resolution of a single branch of the legislature is insufficient to confer power in a committee to sit after adjournment of the legislature, and that even a joint or concurrent resolution of both branches of the legislature is insufficient for this purpose; . . ." In State ex rel Hamblen v. Yelle, Wash., 185 P.2d 723, 727 (1947), states: "The authorities are conflicting on the question whether by concurrent resolution the legislature may lawfully create a committee with power to sit after adjournment. In the jurisdictions which approve the power to create such committees by joint resolution there is no distinction between joint resolutions and statutes, as both require the signature of the governor. The concurrent resolution cases are not, of course, authority for the validity of a single house resolution. With those questions we are not concerned. While a single house is not the legislature, and while, according well-reasoned cases, the legislature cannot by joint resolution create a committee with power to sit after adjournment, we find no authority sustaining the position that interim committees to investigate and report to the next Legislature may not be appointed pursuant to a statute duly adopted and that service of a legislator on such committee would be in violation of a constitutional or statutory provision which prohibits members of the legislature from occupying any other office, trust or employment." In Petition of Special Assembly Interim Committee On Public Morals of California Legislature, 90 P.2d 304 (1939), the Court stated: "The overwhelming weight of authority is to the effect that neither house of a legislature may lawfully appoint a committee by single house resolution with power to sit after adjournment sine die, in fact, every state court that has considered this problem has so held. (Tipton v. Parker, 71 Ark. 193, 74 S.W. 298; State v. Guilbert,75 Ohio St. 1, 78 N.E. 931; Ex parte Caldwell, 61 W. Va. 49,55 S.E. 910; . . . Commonwealth v. Costello, 21 Pa.Dist.R. 232; State v. Childers, 90 Okl. 11, 215 P. 773; . . .)" It is, therefore, evident that neither the Legislature as a whole, nor either house independent of the other, has the authority to create, by resolution or other measure not having the force and effect of law, committees to function and sit after adjournment. It therefore becomes unnecessary to reach the second part of your first question with respect to reimbursement of members for attending such committee sessions. Likewise, it is not necessary to reach the problem presented in question number two with respect to the non-payment of members because a committee system may not be created by simple or concurrent or joint resolution. It should be noted that this opinion should not be construed as affecting legislative resolutions not having the force of law which request the creation of interim study committees by the State Legislative Council or which request that a subject be studied during an interim period by a standing committee of the State Legislative Council. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: Question number one is answered in the negative. The Legislature or either house thereof acting independently does not have authority to create committees to sit during the interim, between legislative sessions, by resolution or other measures not having the force and effect of law. Therefore it is not necessary to reach the question of reimbursement for travel expenses of committee members. The answer to your first question makes it unnecessary to reach the issues presented in your second question in that committees which are to function during the interim session, must be created with the force and effect of law. This opinion should not be construed as affecting legislative resolutions not having the force of law which request the creation of interim study committees by the State Legislative Council or which request that a subject be studied during an interim period by a standing committee of the State Legislative Council. (Donald B. Nevard)