The Honorable Doug Lawrence State Representative, 9th District State Capitol, Room 115 S Topeka, Kansas 66612
Dear Representative Lawrence:
You request our opinion on two issues involving the Kansas open meetings act (KOMA), K.S.A. 75-4317 et seq., and recesses called by city governing bodies. You ask that we address the following:
 "(1) May a city governing body recess a meeting for a long period of time, at least to a subsequent day, or should such a meeting be adjourned; (2) If such a recess is permissible, and notice has been provided as required by the KOMA, may a city governing body recess a meeting, to be resumed on another day, and not give additional KOMA notice of meetings which will occur on other days?"
In reviewing the statutes concerning the many forms city government may take, we have located several that allow adjournment or recess of meetings or hearings held by a city governing body. For example, K.S.A. 13-1410 provides the following for city councils of the first class:
 "Regular meetings of the council shall be held at such times, not less than once each month, as shall be prescribed by ordinance. In all cases it shall require a majority of the councilmen elected to constitute a quorum to do business, but a smaller number may adjourn from time to time, and may compel the attendance of absent members in such manner and under such penalties as the council may have by ordinance previously prescribed." (Emphasis added).
K.S.A. 14-111 and 15-106 provide similar adjournment authority to cities of the second and third class. [See also K.S.A. 12-641 (adjournment of hearings on flood control improvements); 12-749(c) (adjournment of hearings on subdivision regulations); 12-756 (adjournment of hearings concerning the establishment of zones or other types of restrictions on land use); 15-123 (sine die adjournment after a hearing on incorporation as a city); 19-2646 (temporary appointments of city police extending beyond the next regular, adjourned or special meeting); and 19-27,186 (final adjournment of hearing on advisability of making public improvements).] We note that these statutes use the term "adjourn" rather than "recess".
We have located three Kansas statutes which specifically use the term recess in connection with a meeting held by a city governing body. K.S.A. 12-510b concerns exclusion of veterans affairs medical center land from certain cities and this statute provides in pertinent part:
 "(b) At the public hearing, a representative of the city shall present the city's proposal for the exclusion of the land. Following the presentation, all interested persons shall be given an opportunity to be heard. The governing body may recess the hearing to a date and time certain which shall be fixed in the presence of persons in attendance at the hearing." (Emphasis added).
K.S.A. 12-520a, establishing a hearing procedure in connection with annexation of property, and K.S.A. 12-1772, concerning redevelopment plans, contain language identical to that emphasized above.
In answer to your first question, it appears that cities of all classifications have been granted some authority to continue their business to other times or dates; in some cases by adjournment and in others by recessing. The remaining issue is what notice must be provided pursuant to the KOMA.
K.S.A. 75-4317 states that it is the policy of the state that meetings for the conduct of governmental affairs and the transaction of governmental business be open to the public, and subsection (b) of that statute further provides:
 "It is declared hereby to be against the public policy of this state for any such meeting to be adjourned to another time or place in order to subvert the policy of open public meetings as pronounced in subsection (a)." (Emphasis added).
K.S.A. 75-4318(b) requires that notice of meetings be provided to those requesting such notice:
 "Notice of the date, time and place of any regular or special meeting of a public body designated hereinabove shall be furnished to any person requesting such notice. . . ."
Thus, if a public agency subject to the KOMA holds a meeting, that meeting must be conducted openly and notice must be provided to those requesting such notice. In most circumstances, cities within Kansas meet the definition of a body subject to the KOMA, as set forth at K.S.A. 75-4318(a). [Under K.S.A. 75-4318(a) quasi-judicial bodies are not subject to the KOMA when the body is deliberating.] Therefore, whenever a city governing board has a meeting, as defined by K.S.A. 1995 Supp.75-4317a, notice of that meeting must be provided as required by K.S.A.75-4318(b) and the discussion openly conducted unless the topic falls within the scope of K.S.A. 75-4319.
K.S.A. 75-4319 allows an open meeting to be recessed for the purpose of holding closed discussions on a limited number of topics:
 "Upon formal motion made, seconded and carried, all bodies and agencies subject to this act may recess, but not adjourn, open meetings for closed or executive sessions. . . ." (Emphasis added).
While many Kansas statutes appear to use the terms adjourn and recess interchangeably, or to accomplish the same basic result, the provisions of K.S.A. 75-4319 obviously make a distinction. It therefore may be helpful to first discuss the terms.
The general definition of adjourn is "to put off; defer; recess; postpone. To postpone action of a convened court or legislative body until another time specified, or indefinitely; the latter being usually called to adjourn sine die. To suspend or recess during a meeting, legislature or assembly, which continues in session. Suspending business for a time, delaying." Black's Law Dictionary 39 (5th ed. 1979). Recess is defined as "a short interval or period of time during which the court suspends business, but without adjourning. The period of time between sessions of court. A temporary adjournment of a trial or a hearing that occurs after a trial or hearing has commenced. (Citation omitted). In legislative practice, the interval, occurring in consequence of an adjournment, between the sessions of the same continuous legislative body; not the interval between the final adjournment of one body and the convening of another at the next regular session." Id. at 1141.
We note that the definition of adjourn includes the concept of recess. The definitions are similar enough to allow a plausible argument that a recess and an adjournment are the same thing. However, there is case law to the contrary. Eg.: French v. Higgens, 45 N.W. 817, 818 (Wis. 1890) held that the term adjournment cannot be construed to include a recess;People v. Draper, 1 N.Y.Cr.R 138, 141 (N.Y. 1882): (adjournment means from day to day or for a longer time, and not a recess taken during a single day's session; an adjournment ends one meeting while a recess is a break in the same meeting). Conversely "adjourned meeting" has been recognized as not a new meeting, but a mere continuance of an original meeting. Vogel v. Parker, 193 A. 817, 818 (N.J. 1933); Beatle v.Roberts, 137 N.W. 1006, 1008 (Iowa 1912); Rees v. Winchell, 23 N.E.2d 843,845 (Ohio 1939).
When a distinction is made between the words adjourn and recess, it appears that recess is more often used to denote a shorter break or a temporary suspension of proceedings while an adjournment is the putting off until another time or place. [See Green v. Beste, 76 N.W.2d 165, 170
(1956); In Re Gannon, 11 P. 240, 242 (Cal. 1886); Tipton v. Parker,74 S.W. 298 (Ark. 1903); Byrd v. Byrd, 8 So.2d 510, 513 (Miss. 1942);People v. Martin, 5 N.Y. (1 Seld.) 22, 26 (1851); Nabholz ConstructionCorp. V. Patterson, 317 S.W.2d 9, 11 (Ark. 1958); Intermela v. Perkins, 205 F. 603, 611 (Wash. 1913).]
As neither Kansas case law or statutes create a clear distinction between the two terms, we recognize that in some situations the words "adjourn" and "recess" may be used to describe identical behaviors by a public body. See e.g., Kansas Racing Management, Inc. v. Kansas RacingCom'n, 244 Kan. 343 (1989) (racing commission, in accordance with K.S.A.75-4319 and amendments thereto, may recess for a closed or executive meeting to receive and discuss information); Stevens v. Board of CountyComm'rs of Reno County, 10 Kan. App. 2d 523 (1985) (recess gathering of commissioners was not "prearranged" and, thus, was not subject to provisions of the act); Unified School Dist. No. 407 v. Fisk, 232 Kan. 820
(1983) (K.S.A. 72-8205 permits boards of education to specify that any regular meeting may be adjourned to another time and place); Rogers v.Shanahan, 221 Kan. 221 (1976) (meeting of the state board of canvassers for making the final canvass of a general election may be recessed from time to time until the canvass is complete. Upon adjourning the meeting the same day, the members-elect of the two parties shall caucus and nominate their candidates for senate officers and party leaders; they may also determine such matters as their parties deem necessary and proper and as will aid the legislature in performing its functions as soon as possible after the legislature is convened). However, when reading the quoted provisions of the KOMA and city meeting statutes in light of case law statements concerning a recess or adjournment of meetings and hearings, it is our opinion that in the open meetings context the term recess is used to denote a short break in a meeting occurring on the same day (perhaps to allow members or attendees some time to do other things or relax) while the word adjourn is used when the body concludes the meeting or hearing for a given day. Cf. K.S.A. 75-4318 and 75-4319.
The original 1972 KOMA legislation lacked any notice provisions. L. 1972, ch. 319. However, that act created the still existing distinction between a recess to hold an executive session and an adjournment. The first notice provisions of the KOMA were enacted in 1975:
 "(b) Notice of the date, time and place of any public body designated hereinabove shall be furnished to any person requesting such information." L. 1975, ch. 455, § 2.
One legal authority discussing notice under the KOMA reviewed the intent behind notification requirements and criticized perceived lacks in the 1975 Kansas law:
 "The notice provision of any open meetings law is the primary instrument for effective application of the open meetings principle. Without notice of the time and place of a meeting the right of public access is meaningless. A recurring theme in the testimony before the Special Federal and State Affairs Committee was that the notice provision of the Kansas statute is inadequate. One of the most serious problems is that the statute requires notice of regular meetings and not of any special or emergency meetings. This omission is an excellent vehicle for circumvention of the law. A public body can merely call a special meeting, give no notice to the public, and be relatively confident that the public will not show up. . . ." Tacha, "The Kansas Open Meeting Act: Sunshine on the Sunflower State?" 25 K.L.R. 169, 170 (1977).
Thus, there was a concern that describing a meeting as "special" allowed a public body to create a broad exception to the notice requirements of the KOMA. Perhaps in response to this criticism, the act was amended to include a requirement for notice of special meetings. L. 1977, ch. 301, § 2. L. 1978, ch. 361, § 1 again amended the notice provision of the KOMA, this time to address petitions requesting notice. The last amendment to the notice requirements added section (3) to K.S.A.75-4318(b). L. 1985, ch. 284, § 1.
Another commentator on the KOMA discussed the notice provisions of the act and specifically reviewed the concept of "re-notice" for adjourned meetings:
 "What is adequate notice under the statute will depend upon the facts and circumstances surrounding each case. The Kansas Attorney General has opined that a governing body can comply with the notice requirement by providing a single notice of numerous regularly scheduled meetings containing a list of such meetings and need not furnish individual reminders prior to each regular meeting. Special meetings necessarily would require individual notice, and unlike other jurisdictions where `re-notice' — notice following an adjourned meeting which is to be reconvened — is not explicitly required, Kansas courts might well require such `re-notice' in light of the language of K.S.A. 75-4319 requiring announcements of the time and place for the reconvening of meetings adjourned for the purpose of executive sessions. Smoot, Clothier, "Open Meetings Profile: The Prosecutor's View" 20 W.L.J. 241, 265 (1981). (Emphasis added).
Prior Attorney General Opinions addressing the notice requirements of the KOMA have stated that the form of a request for notice and the notice provided can be either oral or written, whatever is reasonable under the circumstances, and that there is no time limit for providing the notice required by the KOMA. See Attorney General Opinions No. 86-133, 83-173, 81-22 and 81-15. Contrary to popular belief, while not prohibiting such a practice, the KOMA does not require that notice of meetings be published in a paper or circulated in some other general manner. Rather, the KOMA requires that actual notice be provided to requestors of such notice. Actual notice has been defined as "notice expressly given and actually given, and brought home to the party directly." Black's LawDictionary 957 (5th ed. 1979).
The notification requirements of K.S.A. 75-4318 allow each individual requestor to receive meaningful and accurate information about the dates, times and places of all meetings. When a motion to a recess to executive session is made, that motion must provide the audience with information about the time, place and date that the open meeting will resume. K.S.A. 75-4319(b). Such notification promotes the policy of the act, as set forth in K.S.A. 75-4317, and gives interested persons the minimum information necessary to allow them to be back to listen to open discussions.
In the fact scenario you present it is quite possible that some individuals requesting and receiving notification may be given the time, place and date of a meeting, but may not be able to attend the meeting in question. It is also possible that the city governing body may decide to continue a matter, discussion, or meeting to another date, time or place. The above cited statutes clearly allow adjournment, recess, or continuation of discussions. The issue is whether a one-time notice of the starting date, time and place of a discussion is sufficient KOMA notification if the meeting or discussion is continued to another date, time or place.
The notification requirement of the KOMA states: "Notice of the date,time and place of any regular or special meeting of a public body designated hereinabove shall be furnished to any person requesting such notice. . . ." (Emphasis added). As stated in Attorney General Opinion No. 83-173, a public body is allowed to give a one time notice of when it will hold regular meetings, e.g. every Tuesday evening at 7:00 p.m. at the city library public meeting room. However, notice of special or additional meetings must also be additionally provided to requestors of notice. The issue thus becomes whether a delay in or continuation of the discussion rises to the level of a different meeting date, time or place. A city governing body may argue that a notice containing the commencement date, time and place of a meeting provides the required information. However, it is our opinion that any "continuation" of a discussion (which rises to the level of meeting subject to the KOMA) to another date, time or place which substantially differs from the information provided in the notice, creates a duty to provide requestors with notice of such information.
Any contrary interpretation of the KOMA notice requirements flies in the face of the clear intent of the KOMA, the spirit of the law, and the actual language of the statutes. We do not believe the KOMA permits notice requirements to be circumvented for meetings lasting for up to a year, merely because the public body characterizes it as the same meeting. Under this reading of the KOMA notice requirements, a meeting subject to the KOMA could be resumed or a discussion on public business held at any subsequent time, place, or date, and requestors of notice would only be required to receive actual notice of the starting date, time or place. If such KOMA notice is deemed sufficient, a requestor of notice wanting to know when or where other subsequent discussions will occur must be present whenever there is any motion for recess or adjournment, somehow track the body down, or in some other way obtain the information through their own efforts. The KOMA places the burden to provide notice upon the public body. It does not require requestors of notice to be present at all public meetings in order to know if, when or where the body will next hold a discussion subject to the KOMA.
K.S.A. 75-4318 requires that actual notice of regular and special meetings subject to the Kansas open meetings act be provided to those persons requesting such notice. If there is no intent to subvert the KOMA, a meeting subject to that act may be adjourned, recessed or continued to another date, time or place. However, it is our opinion that any meeting, as the term is defined by K.S.A. 1995 Supp. 75-4317a, triggers the KOMA notice requirements. We do not believe it is sufficient KOMA notice for a public body subject to the act to give requestors notice of the starting date of a meeting, openly decide at the meeting to take an extended break to another day in order to continue such discussions to another date, time or place, but fail to give actual notice of this information to those requestors who are not present. Requestors of notice are not required to be present to receive notice of the date, time and place of discussions subject to the KOMA and should not be forced to look for, seek out, or otherwise be on the watch for oral notice of when there will be discussions rising to the level of a meeting subject to the KOMA. The notice requirements and intent of the KOMA are subverted by giving a one time notice that a meeting will begin on one day and then continuing that meeting to another day without making a good faith attempt to provide additional notice of such information to requestors of notice.
Very truly yours,
 CARLA J. STOVALL Kansas Attorney General
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm